In the Matter of TONI "FF"*, Appellant, v. JAMES "FF"*, Respondent.— Appeal from an order of the Family Court, Montgomery County, entered November 27, 1970, which awarded custody of the children herein to respondent. Petitioner and respondent, husband and wife, were married on July 22, 1967. Two children were born of the marriage, a son in November, 1967 and a second son in November, 1969. Petitioner and respondent resided together as husband and wife, except for a brief period of separation approximately three months in duration in 1968, until August 10, 1970, when petitioner removed herself from the couple's marital residence in Richfield Springs, New York, taking the two children with her and took up residence at the home of a friend in St. Johnsville, New York. After learning the whereabouts of petitioner and the children, respondent on August 21, 1970, went to the St. Johnsville home where petitioner and the children were then residing, requested visitation with the children and upon being granted such visitation, took the two children into his custody. Since that time the children have resided with respondent and their paternal grandparents at the home of the grandparents in Schuyler Lake, New York. By verified petition dated August 31, 1970, petitioner instituted this

---

* Fictitious names.

proceeding to regain custody of the children and upon her petition, a writ of habeas corpus was granted by the Supreme Court, Montgomery County, on September 8, 1970. The writ which was issued referred the matter to the Family Court of Montgomery County for hearing and disposition. Following a hearing, the Family Court awarded custody of the children to respondent with liberal visitation privileges granted to petitioner, and from that determination petitioner has taken this appeal. The thrust of petitioner's argument is that the determination of the Family Court is against the weight of the evidence and, further, that the record is devoid of those overriding considerations which would warrant the denial of the general principle of the propriety of committing children of tender years to their mother (*Ullman* v. *Ullman,* 151 App. Div. 419, 424; *People ex rel. Pritchett* v. *Pritchett,* 1 A D 2d 1009, affd. 2 N Y 2d 947). In several instances in the brief submitted to this court, petitioner reiterates the failure of the Family Court to make a finding of "neglect" on petitioner's part in a context which suggests that the absence of such a specific finding necessitates an award of custody to the children's mother. However, the rules applicable in cases of this type are clear and well established: there is no prima facie right to custody in either parent and the ultimate and controlling consideration is the welfare of the children (*Matter of Wout* v. *Wout,* 32 A D 2d 709; Domestic Relations Law, § 70; *Lockwood* v. *Jagiello,* 24 A D 2d 544). The crux of the Family Court's decision is the conclusion that as between the two parents the more stable atmosphere could and would be afforded by the infants' father in his present circumstances. We concur. Petitioner's practice on several occasions of leaving home in the evening and remaining away until the early hours of the morning while leaving the children either with respondent or a neighbor reflects a certain degree of immaturity on petitioner's part and either an unwillingness or inability to accept and fulfill fully and completely her maternal responsibilities. To a certain extent petitioner herself, in the note which she left for respondent upon leaving the marital residence, acknowledges this fact. Although that note is far from conclusive, considering the circumstances in which it was written and left, it does, nevertheless, shed some light on petitioner's own recognition of her limitations and shortcomings in this regard. It is undisputed that respondent is a good father to the children and provides them with the love, care and interest which all children require. While respondent is away at work, the children are cared for by their paternal grandparents and the record bears out the Family Court's observation that the children are well loved and cared for by them in their father's absence. In fact, testimony presented at the hearing conducted by the Family Court reveals that there was an observable and favorable change in the infants' composure and behavior once they left the parents' marital residence and took up residence with respondent and their paternal grandparents. It strains the imagination to believe that the love, care and devotion accorded these infants by their natural father and their paternal grandparents could ever be matched or surpassed by "hired" babysitters into whose care petitioner would propose to commit her children for substantial periods of time while she pursued gainful employment or was otherwise absent from home. Upon review of the record herein and after careful consideration of all the circumstances, we conclude that the interests of the children would best be served by continuing custody in respondent and, accordingly, we affirm the determination appealed from. Order affirmed, without costs. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur.