■ In the Matter of VICKEY ZAVASNIK, Appellant, v ROBERT ZAVASNIK, Respondent.—Appeal from an order of the Family Court, Fulton County, entered September 28, 1976, which ordered that the custody of the infant children of the marriage of the parties be awarded to respondent, with visitation to the appellant. The parties herein, married in June, 1967, are the parents of one natural child and two adopted interracial children. In a

divorce action between the parties, the Supreme Court, Montgomery County, referred matters of custody to the Fulton County Family Court. Temporary custody was granted to the respondent herein and a Law Guardian was appointed for the children. A full hearing was held before the Family Court Judge and the Law Guardian submitted a report recommending that the mother be awarded custody. By a decision and order dated September 17, 1976, the Family Court Judge awarded custody of the children to the respondent father. This appeal ensued. The question of the custody of children is ordinarily a matter of discretion for the trial court and only rarely will its findings be disturbed on review (*Matter of Darlene T.,* 28 NY2d 391). In cases that require close assessment of the character and temperment of the parents and their ability to fulfill responsibility, "the findings of the nisi prius court must be accorded the greatest respect" (*Matter of Irene O.,* 38 NY2d 776, 777). In custody matters there is no prima facie right to custody in either parent and the ultimate and controlling consideration is the welfare of the children (Domestic Relations Law, § 240). On this appeal, this court is concerned as to whether there is a sound and substantial basis in the testimony for the decision of the Trial Judge. There was evidence in this record that at the time when the marital relationship was deteriorating, the appellant would go out four or five evenings a week and would not return until the early morning hours. The father would take care of and attend to the children during that time. There was testimony concerning the appellant's extramarital sexual proclivities. Further testimony was adduced that the appellant kept company with a parolee who had been convicted of a felony murder. Such evidence reasonably substantiates the award of custody and, therefore, the Family Court determination should not be disturbed (*Matter of Braitsch v Braitsch,* 52 AD2d 1073). Order affirmed, without costs. Kane, J. P., Larkin and Mikoll, JJ., concur; Main and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). While we agree with the majority's recitation of the controlling legal rules and the assertion that upon "appeal this court is concerned as to whether there is a sound and substantial basis" in the record for the determination of the trial court, nevertheless, we do not agree with the affirmance. The majority do not suggest that the mother's sexual behavior or companions have in any way been detrimental to the children and upon this record any notion that there might be such an effect in the future would be pure speculation. The court's decision, *inter alia,* was based upon the opinion of a witness' recollection of conversations. The evening activities of the mother during the final period of time when she and the respondent lived together do not in any way establish a neglect of the children unless one were to assume that in fact the respondent was not fit to care for the children. The parties separated in October of 1975 and the record establishes that from that time the children had been in her custody and were in her custody when hearings were commenced herein on July 30, 1976. The record contains no showing of any substance which would tend to establish that the mother was derelict in caring properly for the children during that period of time. The Supreme Court at a Matrimonial Term signed an order on January 9, 1976 which referred custody proceedings to the Family Court. The respondent apparently took no further action and the mother by a petition dated April 7, 1976 secured an order to show cause seeking permanent custody. The respondent did not file any separate answer or response to the order to show cause and petition, but at the hearing on July 30, 1976 relied upon his answer in the divorce proceeding and his answering affidavit filed in that action to a motion by appellant

mother for custody. The respondent's answer in the divorce proceeding did not by way of counterclaim ask for such custody of the children although it did contain a counterclaim for divorce. The affidavit of respondent, dated November 28, 1975, requested custody of the children upon the ground that he would care for them in the marital home. It was established in Family Court that the respondent had only a one-bedroom apartment at that time and that his living quarters were not adequate for the children. It was further established at the Family Court hearings that the respondent was seeking employment in Florida and on at least one occasion had gone to Florida for two weeks without advising the mother of the children in case some emergency involving the children should arise. The record established that the mother had made reasonable arrangements for the care of the children when she was working or otherwise absent from the household. The Law Guardian appointed for the children submitted a report to the court wherein he found the mother's home to be "clean and roomy", that there was "warmth and affection displayed by the children" and recommended that the custody of the children be granted to the mother. This record positively establishes that given the desire of respondent to move to another State, the security of the children would be best served by not moving them. Furthermore, the children were actually in the custody of the mother from the time of the separation and the respondent did not even seek custody until he responded to a motion of the mother in the divorce proceeding seeking custody of the children. The record does not suggest that the children would be better off with their father by reason of emotional stability. In sum, unlike the situation in *Matter of Toni FF v James FF* (37 AD2d 893) where the record tended to establish that the father had a more stable and secure home life for the children, the present record demonstrates no such benefits for the children by giving custody to the respondent. Whatever weight one might give to the sexual activities of the mother in an appropriate case *(Matter of Dawn T v Donald U,* 36 AD2d 665; see *Matter of Toni FF v James FF, supra),* the present case does not indicate any such effect upon the infants as to show that their best interests would require custody with respondent. In its opinion, the Family Court stated: "The evidence as produced was not extremely detrimental to either party." Upon that statement the court seriously erred in taking children, six, five and three years old from their mother with whom they had continuously resided, apparently without complaint of any kind or description. It was, in our opinion, egregious error on the part of the court to grant custody to the father as a matter of fact and law, or in the interest of justice, based upon the present record. The order should be reversed and custody should be awarded to appellant with appropriate visitation to respondent.