■ BARBARA A. LA MACCHIA, Respondent, v RAYMOND LA MACCHIA, Appellant.—In a custody proceeding, the father appeals from an order of the Family Court, Suffolk County, entered October 30, 1978, which, after a hearing, *inter alia,* awarded custody of the infant child of the marriage to the mother. Order affirmed, without costs or disbursements. The parties were married on May 9, 1970 and the child who is the subject of this proceeding was born on April 15, 1973. In June of 1978, the parties were granted a divorce in the Supreme Court, Suffolk County, and at that time

entered into a stipulation by which the question of permanent custody was referred to the Family Court pursuant to section 652 of the Family Court Act. Under the judgment of divorce, temporary custody was awarded to the appellant pending the Family Court proceeding; the mother was granted visitation rights. This appeal presents this court with another instance of the difficulty of addressing ourselves to that most sensitive and perplexing of issues, namely, the struggle for custody of an infant child where both parents assert a deep love for the child and manifest a strong concern and intense desire to have custody. After a full hearing in the Family Court, custody of the infant child was awarded to the mother. We note that the trial court set the appropriate standard for the resolution of this issue, i.e., the best interests of the child (see *Matter of Bennett v Jeffreys,* 40 NY2d 543). In our opinion, the award of permanent custody to the mother was consistent with the best interests of the child (see Domestic Relations Law, § 70; *Finlay v Finlay,* 240 NY 429) and was within the trial court's discretion (see *People ex rel. Destasio v Perruzza,* 277 App Div 996). We have given consideration to appellant's contention that the award of custody to the mother violated the statutory prohibition against a presumption of maternal superiority (see Domestic Relations Law, §§ 70, 240) and conclude that the argument is without merit. Although the trial court found both parents to be legally fit custodians, viewing the record as a whole, it cannot be said that the equities are so evenly balanced as to support the contention that a presumption adverse to the appellant was applied. Our impression is rather that the trial court carefully weighed all of the testimony before it and concluded, reasonably, that the interests of the infant would best be served by placing custody with the mother (cf. *Matter of Toni FF v James FF,* 37 AD2d 893; *Salk v Salk,* 89 Misc 2d 883). It has been brought to the attention of the court that the mother has heretofore failed and refused to comply with that portion of the Family Court order regarding the visitation rights of appellant. We condemn such conduct as utterly unbecoming of a parent concerned with the best interests of the child and as in apparent contempt of the order which we uphold today. Since we decline to offer even faint approval of the mother's behavior, we withhold an award of costs on this appeal. Furthermore, we direct that there is to be immediate compliance with all provisions of the order. In the absence of such compliance, appellant should avail himself of the appropriate remedies. Mollen, P. J., Suozzi, Gulotta and Margett, JJ., concur.