■ In the Matter of RAYMOND LA POINT et al., Appellants, v GERALD G. GIRARD et al., Respondents. (Proceeding No. 1.) In the Matter of RANDY J. LA POINT, JR., an Infant. HELEN M. GIRARD, as Guardian of RANDY J. LA POINT, JR., an Infant, Respondent; RAYMOND LA POINT et al., Appellants. (Proceeding No. 2.) In the Matter of the Estate of RANDY J. LA POINT, SR., Deceased. HELEN M. GIRARD, as Guardian of RANDY J. LA POINT, JR., an Infant, Respondent; RAYMOND LA POINT et al., Appellants. (Proceeding No. 3.)—Appeals in Proceeding No. 1 from an order of the Family Court of Warren County, entered November 21, 1978, which awarded custody of Randy J. La Point, Jr., an infant, to Helen and Gerald Girard; in Proceeding No. 2 from an order of the Surrogate's Court of Warren County, entered December 13, 1978, which appointed Helen Girard as guardian of said infant; and in Proceeding No. 3 from a decree of the Surrogate's Court of Warren County, entered December 14, 1978, which appointed Helen Girard as administratrix of the estate of Randy J. La Point, Sr., deceased. On September 9, 1978 Randy J. La Point, Sr. and his wife, Patricia, were killed in an automobile accident, leaving as sole distributee their 11-month-old son, Randy, Jr. The Family Court awarded custody of the child to the boy's maternal aunt and her husband, and that determination served as the basis of decisions by the Surrogate's Court to appoint the maternal aunt as the infant's guardian and administratrix of the estate of the infant's deceased father. Appealing from adverse determinations in the three proceedings involved herein are the paternal grandparents of the child. Both parties agree that the sole issue in this case involves the award of custody in

Proceeding No. 1, for if that determination is correct then the actions of the Surrogate in Proceeding Nos. 2 and 3 are also proper (see SCPA 1001, subd 2). The question of custody of children is ordinarily a matter of discretion for the trial court, and only in those rare instances where it is determined that the court has abused its discretion will its findings be disturbed on review (Matter of Darlene T., 28 NY2d 391; Matter of Zavasnik v Zavasnik, 59 AD2d 954). The Family Court's order awarding custody to the maternal aunt and her husband, which followed the recommendations of both the guardian ad litem and the investigator from the probation department, was not the result of an abuse of discretion and must be affirmed. In making its determination, the Family Court found both parties to be capable and qualified to act as foster parents, but awarded custody on the basis of the aunt and uncle's younger age (32 and 33 as opposed to 53 and 47 for the grandmother and grandfather) and the existence of two other infants (ages 12 and 10) in their home. The grandparents contend that it was error to consider their age as a factor in awarding custody and that the court's decision improperly presumes that older people are unfit to raise children. No authority is cited which suggests that age cannot be considered by a court in making a custody determination (see 30 ALR3d 290). Where, as here, one of the couples is some 20 years younger than the other seeking custody, it can hardly be questioned that by awarding them custody the chances of the infant suffering another traumatic loss before reaching the age of majority will be greatly reduced. Nor was it improper for the Family Court to consider the presence of other children in the home of the aunt and uncle. Much is made on this appeal of the extensive proof introduced at the custody hearing regarding the grandmother's prior psychological problems. We note, however, that the Family Court stated that the existence of these medical problems "played no great part in the court's decision", and we should confine our review of the court's discretion to those factors upon which it relied. Accordingly, since we find no abuse of discretion by the Family Court in awarding custody to the aunt and uncle, the determinations below should be confirmed. Orders in Proceedings Nos. 1 and 2, and decree in Proceeding No. 3, affirmed, with one bill of costs. Mahoney, P. J., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.