■ In the Matter of STEPHEN W. ROSS, Appellant, v KAREN S. ROSS, Respondent. (Proceeding No. 1.) STEPHEN W. ROSS, Appellant, v KAREN S. ROSS, Respondent. (Proceeding No. 2.)—Appeals, in Proceeding No. 1, (1) from an order of the Family Court of Rensselaer County, entered August 13, 1979, which awarded custody of the parties' child and a counsel fee to the respondent mother; (2) from an order of the same court, entered April 10, 1980, settling the transcript, and (3) from an order of the same court, entered April 16, 1980, which denied petitioner's motion to resettle the transcript, and, in Proceeding No. 2, from an order of the Supreme Court at Special Term, entered March 29, 1979 in Rensselaer County, which denied plaintiff's motion for an order, inter alia, temporarily suspending support payments and awarded defendant a counsel fee. In Proceeding No. 1, the order should be affirmed. Generally, the party to whom custody was initially awarded, either by litigation or by voluntary agreement, should have priority in subsequent custody disputes in the absence of extraordinary circumstances (Matter of Nehra v Uhlar, 43 NY2d 242, 251; Matter of Austin v Austin, 65 AD2d 903); but where, as here, a party obtains custody by unilaterally removing himself and the child from the marital residence during the other spouse's absence, the rule does not obtain (see Matter of Gunderud v Gunderud, 75 AD2d 691). Accordingly, petitioner, who without the mother's knowledge, removed himself and the child from the marital residence on the same day that he commenced an action for divorce, does not have a prima facie right to custody of the child following his divorce. Rather, the issue is one of comparative fitness, with the paramount consideration being the best interests of the child (Domestic Relations Law, § 70; Matter of Gunderud v Gunderud, supra). In our view, the award of custody to the mother was consistent with the child's best interests. Although the Family Court found both parents to be legally fit custodians, it concluded that the child's best interests would be served by granting custody to the mother, who had exhibited greater emotional ability to cope with the traumatic experience of the protracted litigation. Upon this appeal, petitioner primarily contends that the mother's adherence to the religious beliefs of Jehovah's Witnesses is such that it would not be in the child's best interest for her to have custody. After careful examination of the record, however, we can perceive no basis for interfering with Family Court's exercise of its discretion in awarding custody to the mother (La Macchia v La Macchia, 66 AD2d 768, 769). Five days of hearings were conducted before the court, which was in a position to assess the demeanor and credibility of the parents. The discretionary power of the Family Court in matters of custody is broad and must be "accorded the greatest respect" (Matter of

*Irene O.,* 38 NY2d 776, 777). Here, the court's exercise of its discretion is reasonably substantiated by the evidence contained in the record (see *Matter of Darlene T.,* 28 NY2d 391), and in the absence of an abuse of discretion, an appellate court should not set aside a custody award upon the ground that the other parent is also fit to care for the child. Furthermore, we see no reason to disturb the award of a counsel fee to the mother. Petitioner's other contentions have been examined and found to be without merit. In Proceeding No. 2, the order should also be affirmed. We agree with Special Term that no basis exists to relieve plaintiff of the $50 per week support obligation to which he stipulated in open court, with the assent of counsel. Orders affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.