■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT M. SELBERT, Respondent, v KAREN J. SELBERT, Appellant.—Appeal from a judgment of Family Court, Montgomery County, entered February 25, 1977, which awarded custody of the parties' three infant children to the petitioner. Robert and Karen Selbert were married in 1959. There are three children of the marriage, Audrey, age 17, Scott, age 11 and Robin, age 6. In May, 1975 Mr. and Mrs. Selbert separated pursuant to the terms of an agreement which, *inter alia,* provided that the parties would have "joint custody" of all three children with Audrey and Scott residing with their father, and Robin with her mother. Soon after the separation, Karen Selbert began living with one William Handler. Robin stayed with her mother. At about the same time, Robert Selbert began seeing his present wife, Linda. The separation agreement was amended on January 20, 1976 to grant "sole custody" of Robin to her mother and of Audrey and Scott to their father. The agreement, as amended, was incorporated into an uncontested divorce decree entered on January 29, 1976. Robert Selbert remarried in February, 1976 and five months later commenced this habeas corpus proceeding to take custody of Robin. Karen Selbert cross-petitioned for custody of Audrey and Scott. The Family Court, after a full hearing, awarded custody of Robin to Robert Selbert and denied Karen Selbert's cross petition, even though it was "unable to find any evidence which shows that either parent is unfit or less fit then the other to parent these children." The court held that the best interests of the children control, and that it is in the best interests of these

siblings to live together in the same home. The court also gave some weight to the increased stability it thought would result from the legal bond between Robert Selbert and his present wife as contrasted to the extramarital relation between Karen Selbert and William Handler. To the extent the rights of the parents are involved, the question of custody is controlled by the separation agreement incorporated into the January 29, 1976 divorce decree. At that time, Robin was living with her mother and Mr. Handler in his apartment. Robert Selbert was on the verge of remarrying. He obtained custody of the two older children and agreed to allow Robin to continue with her mother. Absent changed circumstances, he should not now be heard to say the custody arrangements he agreed to were improper (cf. *Matter of Ebert v Ebert,* 38 NY2d 700, 703; *Matter of Nierenberg v Nierenberg,* 43 AD2d 717, affd 36 NY2d 850). If anything, the conditions surrounding Robin have improved since the decree, in that her mother and Mr. Handler have jointly acquired a house. This implies a more stable arrangement between the adults as well as a more comfortable home for Robin. If review is restricted solely to the question of Robin's best interests, there is similarly no reason to upset the custody established by the separation agreement and continuously in effect since the parting of the natural parents in May, 1975.* At the very least, the petitioning parent must show that the spouse with custody is less fit as a parent *(Aberbach v Aberbach,* 33 NY2d 592; *Papernik v Papernik,* 55 AD2d 846; *Matter of Feldman v Feldman,* 45 AD2d 320, 324; cf. *Matter of Ebert v Ebert, supra; Obey v Degling,* 37 NY2d 768, 770). Although it is true that, all other considerations aside, it is best to keep siblings together *(Obey v Degling, supra,* p 771), the stability inherent in continuing a custodial arrangement which has fostered a happy, intelligent child who is thriving in school, overrides the consideration of sibling companionship. "Custody of children should be established on a long-term basis, wherever possible; children should not be shuttled back and forth between divorced parents merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian [citations omitted]." *(Obey v Degling, supra,* p 770; see *Matter of Saunders v Saunders,* 60 AD2d 701.) Karen Selbert moved pursuant to section 237 of the Domestic Relations Law for an award of counsel fees, which motion was denied. As the Family Court held, she failed to prove her inability to pay such fees. We are, therefore, unable to say the court abused the broad discretion vested in it by subdivision (b) of section 237 of the Domestic Relations Law. Judgment modified, on the law and the facts, so as to provide that custody of all children shall continue as settled in the January 29, 1976 divorce decree, and, as so modified, affirmed, with costs to appellant. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.

---

* By order of a member of this court, custody of Robin was continued with her mother pending resolution of this appeal (see Family Ct Act, § 1114, subd [b]).