■ In the Matter of LARRY SAUNDERS, Respondent, v JUDITH SAUNDERS, Appellant.—Appeal from an order of the Ulster County Family Court, entered August 9, 1977, which awarded the custody of the parties' two minor children to the petitioner. The parties were married in 1968 and three children were born of the union. Two children, Adam and Rachel, age six and two years respectively, survive, the eldest child having died as the result of an accident. In the early summer of 1976, after the parties agreed that their marriage was a failure, the appellant and the two children, with the tacit approval of the petitioner, left the marital abode and took up residence nearby. Several weeks later the appellant, with her children, moved into the home of a male companion with whom she continues to reside in an admittedly adulterous relationship. On December 3, 1976, the petitioner commenced this proceeding seeking the custody of the children, contending, *inter alia*, that he was "more fit and able to provide a healthy and stable environment for the children". After several days of hearings, the court concluded "the long-term best interests of these children demand that they be removed forthwith from the immoral and potentially damaging environment to which they are currently exposed" and went on to find "an acknowledged open and adulterous relationship between [the appellant] and * * * which is not even attempted to be concealed from anyone including the children". These conclusions were arrived at after the court found that "it may be conceded that the mother loves the children and there is no proof that they are not well cared for". From an examination of the record and the court's lengthy decision, it is clear that the Family Court, to the exclusion of all other factors, denied the mother custody solely because of her participation in the adulterous relationship, thus presenting, among others, the question of whether or not a mother who loves and properly cares for her children automatically forfeits her right to custody solely because of her participation in that relationship. We think not (cf. *People ex rel. Selbert v Selbert*, 60 AD2d 692). To begin with, of course, there is no prima facie right to custody in either parent (Domestic Relations Law, § 240). In custody matters the court's primary concern is in ascertaining what disposition is in the child's best interest *(Matter of Lincoln v Lincoln*, 24 NY2d 270). Determining that which is in the child's best interest requires that consideration be given to many factors, namely, the care and affection shown; the stability of the respective parents; the atmosphere of the homes; the ability and availability of the parents; the morality of the parents; the prospective educational probabilities; the possible effect of custodial change on the children; the financial standing of the parents and parents' past performance are but a few of the areas requiring exploration. Thereafter, all of the competing considerations must be carefully weighed. We find no such procedure to have been followed here. The trial court's vehement disapproval of the mother's relationship is understandable, but

that should not be permitted to obscure or confuse the issue. There is absolutely no evidence in this record which indicates the relationship has had an adverse effect upon the children and the bulk of the evidence indicates that the children are progressing satisfactorily and are happy, contented and well cared for. On the other hand, the father's past performance, as revealed in the record, affords little hope that he could provide the warm atmosphere, the stability, the love and security these children now enjoy. In addition, there is little in the record as to how the children would be supervised and cared for if the father were to have custody. Accordingly, there must be a new trial where all factors can be fully explored and the competing considerations carefully weighed. We conclude that this is a particularly appropriate case for the appointment of a Law Guardian for the infants. Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Ulster County for the appointment of a Law Guardian for the infant children and for a new trial. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.