■ In the Matter of SHARON D. NOEL, Respondent, v JAMES DERRICK, Appellant.—Appeal from an order of the Family Court of Saratoga County, entered October 12, 1978, which modified the parties' judgment of divorce by removing custody of the children from appellant and granting the same to respondent. It appears that the parties separated on March 13, 1975 and by mutual agreement their two young children, then aged about three and one half and one, remained with the appellant father. On June 18, 1975 the appellant secured a default judgment of divorce which also awarded him custody of the children and gave the respondent liberal visitation rights. Thereafter the parties resumed living together in December of 1975, but, when reconciliation failed, the respondent in June of 1976 married Daniel Noel, her present husband. In July of 1976 the appellant and respondent agreed that it would be better for the children if they moved in with the respondent. The appellant in late March of 1978 advised the respondent that he had not intended to permanently surrender the children to her and this proceeding represents individual applications by the parties seeking custody of the children. There is nothing to indicate that either party is more fit than the other to have the custody of these children and giving due consideration to the voluntary surrender of them to the respondent for nearly a two-year period, the power of the Family Court to modify the initial judgment of divorce is apparent. There had never before been a full hearing on the issue of custody and it is well settled that "a determination of that issue should be made only after a full and plenary hearing [citations omitted]" *(Obey v Degling,* 37 NY2d 768, 770). Since the first award of custody was without a hearing, the Family Court was not required to consider anything other than the best interests of the children. Having confirmed that the best interests of the children required custody by the

respondent when he surrendered them for a long term, the appellant cannot now complain when priority is given to that arrangement *(People ex rel. Selbert v Selbert,* 60 AD2d 692). We find that the appellant's objection to the role of the Law Guardian in this particular case is without any merit. However, the objection by the appellant to the award of counsel fees to respondent's attorney is well taken. In the case of *Matter of Frye v Truhn* (68 AD2d 989, 990) this court stated that "in our view such an award of counsel fees can only be justified when it is necessary to insure that an indigent wife has legal representation." Upon this record, there is no showing that the respondent is indigent or that such an allowance was necessary for the purpose of contesting the custody issue. Order modified, on the facts, by deleting so much thereof as grants counsel fees to respondent's legal counsel and by inserting a provision denying the request for counsel fees, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.