■ In the Matter of PAUL J. RICHARDS, Respondent, v LYNNE RICHARDS, Appellant. — Appeal from an order of the Family Court of Broome County, entered April 7, 1980, which granted custody of two infant children to petitioner. The parties were married on April 5, 1970 and two children were born of the union, Michael, born September 22, 1970, and Jennifer, born July 13, 1972. In the fall of 1979, the mother informed the father that she was going to seek a divorce. Thereafter, specifically, on November 15, 1979, the father, by order to show cause, initiated a proceeding seeking custody of the children. A hearing was held before the Family Court and, by written decision, custody was awarded to the petitioner father. This appeal ensued. While the question of custody of children is ordinarily a matter of discretion for the trial court and only rarely will its findings be disturbed on review (Matter of Darlene T., 28 NY2d 391), here, the decision which is the genesis of the order from which this appeal is taken, is void of any consideration of the issue central to any custodial proceeding, the best interests of the children. The decision, after a brief summary of the marital history of the parties, concludes by stating "In this situation where the mother seeks to terminate the marriage without just cause, the court does not feel she should be rewarded by giving her custody of the children and requiring the husband to leave the marital home. Custody is awarded to the petitioner, father". Custody of children is not a prize to be won or lost by a comparison of parental merits or demerits. The conduct of the parties must be weighed in terms of its effect on the welfare of the children (Domestic Relations Law, 240; Matter of Lincoln v Lincoln, 24 NY2d 270). The considerations that the fact trier must evaluate are set forth at length in Matter of Saunders v Saunders (60 AD2d 701). No such procedure was followed. The trial court's finding that the respondent mother lacks an adequate ground for divorcing her husband cannot be permitted to obscure the issue of what is in the best interests of the children. The competing interests of the parties must be evaluated. We also feel that this is an appropriate case for the appointment of a Law Guardian for the infant children. Order reversed, on the law, without costs, and matter remitted for further consideration not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.