■ KARYL A. McINTOSH, Appellant, v RICHARD McINTOSH, Respondent. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered August 26, 1981, which awarded custody of the parties' two infant children to respondent father. Married in 1971, the parties are the parents of two children, 10 and 6 years of age. They lived together in Bovina Center, Delaware County, New York, until September, 1977 when it was agreed the mother and children would reside in nearby Cooperstown while she pursued a graduate degree. During this period, the father remained in close contact with the family. In June of 1978, the mother and children returned to the marital residence until August of 1979, when they moved to Indiana to enable her to continue her graduate education by enrolling in a doctoral program in American folklore. The father assented to this change, which he considered to be temporary and for the family's betterment. Once again the children accompanied the mother. In the summer of 1980, after the mother and children had come back to Delaware County, it became apparent that the marital relationship was disintegrating and each parent then petitioned the Delaware County Family Court for custody. In the course of that proceeding, they entered into a stipulation, which was embodied into an order of the Family Court, permitting the mother to remove the children to Indiana for the 1980-1981 school year and directing that any further action as to divorce, custody or visitation take place in Delaware County. A dual divorce was obtained there in July of 1981 and the custody issue was referred to Family Court. Following a hearing, at which both parents were found fit and able to take proper care of the children, the father was granted custody and the mother brings this appeal. Custody matters are ordinarily addressed to the discretion of the trial court. Only rarely will its determination be disturbed on appeal (*Matter of Darlene T.,* 28 NY2d 391, 395). Our function is limited to ensuring that the trial court, in making its decision, evaluated all relevant considerations (see *Matter of Richards v Richards,* 78 AD2d 943; *Matter of Saunders v Saunders,* 60 AD2d 701). Measured against that standard, an affirmance is appropriate here. The pivotal issue is the best interests of the children. In deciding that, the court

weighed the conduct of the parents, including their respective stability, life styles, morality and financial standing, in terms of its effect on the children's welfare. These circumstances were obviously relevant and best assessed by the court having the opportunity to observe the parties and witnesses. Furthermore, where, as here, neither parent is apparently more fit than the other, it is not without some significance that, as requested by the parents, the court had the benefit of *in camera* examinations of the children and that the children's maternal and paternal grandparents and relatives reside in Delaware County. Those authorities referred to by the mother concerning the evidence necessary to justify an order changing custody are inapposite for this is not an instance where an uncoerced "established parental arrangement or prior judicial decision on the subject" already existed (*Matter of Gunderud v Gunderud,* 75 AD2d 691). Order affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.