■ RICHARD K. PAWELSKI, Respondent, v JUNE BUCHHOLTZ, Also Known as JUNE PAWELSKI, Appellant. — Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: It appears from the record that, in awarding custody of the infant son of the parties to petitioner, the court was influenced by the moral laxity of respondent in becoming pregnant with her present husband's child while she was still married to petitioner. Moreover, the court also seems to have been unduly concerned with the morality and stability of respondent's mother, suggesting that respondent was following her mother's example. A parent's infidelity or sexual indiscretions should be a consideration in a custody dispute only if it can be shown that such factor may adversely affect the child's welfare (*Matter of Richards v Richards,* 78 AD2d 943; *Di Stefano v Di Stefano,* 60 AD2d 976; *Matter of Saunders v Saunders,* 60 AD2d 701). The record presents conflicting evidence and we are mindful of the fact that in such circumstances, we should accord great deference to the trial court which has had an opportunity to see the witnesses and evaluate the evidence first hand (see *Eschbach v Eschbach,* 56 NY2d 167). Nevertheless, because the paramount concern in a custody dispute is to determine what will be in the best interests of the child (see Domestic Relations Law, §§ 70, 240; *Eschbach v Eschbach, supra; Obey v Degling,* 37 NY2d 768), we are empowered to, and indeed we must, evaluate the evidence and find where that best interest lies. "An appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record and, indeed, is

contrary to the weight of the credible evidence" (*Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). The court found that respondent was a fit parent and indeed the record indicates that she is a good and loving mother and has a warm relationship with her son. He has always lived with his mother and has been with her exclusively since the parties separated. She does not work and thus is able to provide the full-time care and supervision so essential to a young child's well-being, whereas if petitioner were awarded custody, care of the infant would be entrusted primarily to petitioner's mother. The stability which would be provided in the infant's life by his remaining with his mother is a vital factor in his welfare. Where there is no indication that a change in custody will result in significantly enhancing a child's welfare, it is generally considered in his best interest not to disrupt his life (*Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling, supra,* pp 770-771; *Martin v Martin,* 74 AD2d 419, 426). Additionally, there was unrebutted testimony that the infant has a close relationship with his half brother with whom he has lived continuously for two years. The courts will not disrupt sibling relationships unless there is some overwhelming need to do so (*Eschbach v Eschbach, supra,* p 173; *Matter of Ebert v Ebert, supra,* p 704; *Rothman v Rothman,* 60 AD2d 625, 626). In sum, measured by the range of factors which constitutes the qualities of life which we comprehend by the term "best interests of the child," we find that custody of the child should be awarded to respondent with liberal visitation to petitioner. (Appeal from order of Erie County Family Court, Manz, J. — custody.) Present — Hancock, Jr., J. P., Denman, Boomer and Schnepp, JJ.