■ In the Matter of Robert Fitch, Respondent, v Annette Guinn, Appellant. — Appeal from an order of the Family Court of Chenango County (Ingraham, J.), entered March 30, 1982, which awarded permanent custody of the parties' child to petitioner. The parties to this custody proceeding were married on December 14, 1974. The sole issue of their marriage, a daughter Amy, was born on May 8, 1975. The parties separated in March, 1979. In January, 1980, the parties appeared in Family Court and stipulated to joint custody. The stipulation provided for the respondent mother to have primary physical custody during the school year and the petitioner father to have custody during the summer months, with alternating weekend visitation. Subsequently, on April 11, 1980, the parties were divorced. The judgment of divorce incorporated the stipulation providing for custody. By application dated October 21, 1981, petitioner applied for a modification of the parties' stipulation with respect to custody, requesting that physical custody be awarded to him. After conducting a hearing, Family Court ordered that permanent custody of Amy be placed with petitioner and that visitation rights be accorded respondent. This appeal ensued. It is well settled that the paramount consideration in child custody cases is the best interest of the child (*Matter of Nehra v Uhlar,* 43 NY2d 242, 248; see, also, *Friederwitzer v Friederwitzer,* 55 NY2d 89). In this regard, the record amply supports the determination of Family Court that the ordered change in custody was in the best interest of the child. Moreover, contrary to respondent's argument, the record supports the determination of Family Court that the change in custody

was warranted by the unstable living and school arrangements provided by respondent after the original stipulation concerning custody was entered into (*Friederwitzer v Friederwitzer, supra*). The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.