■ In the Matter of SUSAN D. CARPENTER, Respondent, v DONALD J. CARPENTER, JR., Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered September 14, 1981, which awarded custody of the parties' infant child to petitioner. The parties' five and one-half year marriage ended in divorce in 1981. Their only child, Jeremy, born in 1978, is the subject of this custody proceeding. Following a hearing at which the parties and several witnesses testified, the court, in a bench decision, granted custody to petitioner. Respondent maintains that the decision is against the weight of the evidence and, further, that the court erred in that it failed to articulate a sufficient factual basis for its decision. We affirm. Our review of the record reveals that, despite petitioner's apparent shortcomings in child rearing skills, several important factors, all of which were referred to by the trial court, justify granting custody to petitioner. These include respondent's excessive drinking, his generally unyielding attitude, and his cohabitation with an unmarried 18-year-old girl who, at the time of the hearing, was pregnant with respondent's child. In assessing respondent's character and temperament as a parent, the court also noted respondent's uncertain living arrangements and the fact that respondent permitted Jeremy to be exposed to adult sexual magazines and considerable profanity. Considering respondent's life-style, morality and financial status (unemployed for the past few years), the court could properly find that it was in the child's best interest to be placed in his mother's custody (*McIntosh v McIntosh,* 87 AD2d 968). This finding is further buttressed by petitioner's indisputable continuing self-improvement occasioned by the reawakening of her interest in religion. We view the order as being well within the range of discretion afforded trial courts in custody proceedings (*Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Zavasnik v Zavasnik,* 59 AD2d 954). Respondent correctly observes that the mere fact of cohabitation, without evidence that the child is or will be adversely affected, is not dispositive of the custody determination (*Pawelski v Buchholtz,* 91 AD2d 1200). Here, however, there was proof that respondent's paramour had actively interfered in the child's upbringing; thus, respondent's relationship with her was properly examined by the court. With respect to the adequacy of the decision, we note that although the court's decision was oral, it set forth sufficient essential facts to satisfy the requirements of CPLR 4213 (subd [b]). Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN F. DANAHER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 1, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree. Judgment reversed, on the law, and matter remitted for a new trial (*People v Thompson,* 94 AD2d 898). Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.