■ In the Matter of RICHARD H. HUNEKE, Respondent, v KARIN F. HUNEKE, Appellant. — Appeal from an order of the Family Court of Schoharie County (Lamont, J.), entered December 17, 1982, which awarded custody of the parties' child to petitioner. The parties to this custody proceeding were married

on April 17, 1965 and the sole issue of the marriage, a son, was born on February 11, 1972. In a separation agreement executed in November, 1977, the parties agreed that respondent mother would have custody of the child but such agreement as to custody was made without prejudice and was not to be used by respondent in any custody hearing or determination thereafter. This separation agreement was incorporated but not merged in a judgment of divorce dated December 4, 1981. The judgment of divorce awarded custody of the child to respondent mother and further provided that all questions concerning custody, visitation and support were referred to the appropriate Family Court. In February, 1982, petitioner commenced the present proceeding seeking a modification of the divorce judgment so as to award to him the custody of the child. Following a hearing, the Family Court ordered that custody of the child be granted to petitioner and this appeal ensued. In child custody cases, the paramount consideration is the best interest of the child (*Matter of Fitch v Guinn*, 92 AD2d 682). Family Court has the discretion to change custody "when the totality of circumstances, including the existence of the prior award, warrants its doing so in the best interests of the child" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 96). In the present case, Family Court considered not only the testimony presented at the hearing but also reports from a school psychologist, the Schoharie County Probation Department, and the Schoharie County Mental Health Center as well as confidential interviews with the child of the parties. Family Court found the presence of countervailing circumstances on consideration of the totality of the circumstances (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95, *supra*) and concluded that the best interests of the child would be served by changing custody to petitioner. The decision of the court reveals a thorough evaluation of the evidence presented and a careful weighing of several factors in reaching the determination to change custody. We accord the greatest respect to the findings of the nisi prius court and should be reluctant to substitute our own evaluation of the relevant factors for that of the Family Court (*Eschbach v Eschbach*, 56 NY2d 167, 173). In view of the above standards, we are of the opinion that the record, contrary to respondent's contentions, supports the Family Court's determination that a change of custody was warranted. The order, therefore, should be affirmed (see *Matter of Dylong v Dylong*, 92 AD2d 698). Order affirmed, without costs. Sweeney, J. P., Kane, Casey and Weiss, JJ., concur.

Yesawich, Jr., J., dissents and votes to reverse in the following memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent. Since the parties' separation in 1977, their son, David, has remained with respondent mother. He resided with her at the former family residence until September, 1981 when he began attending the Hillside School, a private boarding school in Marlborough, Massachusetts. Respondent enrolled David at Hillside in a genuine and well-advised attempt to improve his flagging educational performance. Although David had average or above-average scores on aptitude tests, his performance in public school was woefully inadequate because of his tendency to become easily distracted. Respondent conferred with David's teachers at length about his learning problems. They recommended he be placed in a learning environment which provided more individualized attention. After examining several alternatives, respondent concluded that Hillside would best meet David's needs; her efforts also yielded a substantial scholarship which helped to defray much of the cost of this education. During his two years at Hillside, David has shown dramatic academic improvement as evidenced by the fact that his grades for the most recent marking period are of honors caliber. Petitioner contended that David's enrollment at Hillside was grounds for a custodial change because it interfered with the development of a

meaningful father-son relationship, caused the child to undergo psychological turmoil as the result of being separated from both parents, and constituted an attempt by respondent to deny petitioner access to his son. Petitioner maintained that David would be better off living in a familial setting with him, his second wife — whom he had married in February, 1982 after cohabiting with her for two and one-half years — and her 12-year-old son by a previous marriage. In support of his position, petitioner offered psychologists' reports stating that the separation brought about by David's attendance at Hillside was detrimental to the child's emotional development. In my view, a custody change is unwarranted. I agree with the recommendation made by the court-appointed Law Guardian that David's academic improvement has been such that it is now possible for him to return to school in and about Schoharie County; limiting the geographic area of school attendance in this fashion will not only ensure that petitioner has regular, substantial visitation with David, but will also ease the emotional distress of separation from both parents. There are a number of reasons for retaining custody in respondent. Her fervid concern for her son's educational growth contrasts sharply with petitioner's attitude. Although two years prior to the change in schools respondent had asked for his support in resolving their son's learning problems, petitioner never even attempted to contact David's public school teachers concerning his son's development. He was apparently content to let respondent deal with the issue which she did in a responsible fashion. Notwithstanding that the initial custody arrangement was arrived at without prejudice to petitioner's rights in any subsequent Family Court custody proceeding, respondent's capable and caring upbringing of David from 1977 to the present simply cannot be ignored. Surely petitioner's remarriage, in and of itself, is not such an overriding circumstance as to deprive the single parent of custody. There are several potential problems with bringing David into petitioner's new family. A teacher testified that David was tormented by his father's relationship with the new Mrs. Huneke. There is also evidence that the 12-year-old son of petitioner's second wife had an adverse influence upon David's schoolwork and ability to concentrate. In addition, petitioner acknowledged that his wife's parents would be the persons primarily responsible for caring for David while he and his wife were at work. These circumstances indicate to me.that David's best interests lie in remaining with his mother, whom the Family Court found to be a fit parent and whose ability to care for David is unassailable (see *Labow v Labow,* 59 NY2d 956, affg 86 AD2d 336). Aside from some disputes over specific visitation dates, nothing in the record suggests a concerted effort by respondent to thwart petitioner's visitation rights. Indeed, even while David was attending Hillside, petitioner had regular visitation with the boy during vacations and frequent recesses. Accordingly, I would grant custody to respondent on condition that David be enrolled in a public or private day school located in Schoharie County or a county adjacent thereto.