■ THOMAS B. FELTMAN, Respondent, v MARY A. FELTMAN, Appellant. — In an action in which a divorce was granted, defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 8, 1983, which, after a hearing, modified the custody and visitation provisions of the judgment of divorce, awarded joint custody of the issue of the marriage to the parties, and directed that the child reside with the father. Order affirmed, without costs or disbursements. The parties were married in 1971 and divorced in 1975. By agreement, the judgment of divorce contained a provision awarding custody of the child of the marriage, now 11 years old, to the mother. In August, 1981, the plaintiff father moved for modification of the judgment of divorce so as to award him custody of his daughter. Under *Friederwitzer v Friederwitzer* (55 NY2d 89) extraordinary circumstances are no longer a prerequisite for modification of a prior custody award; the test is whether the totality of the

circumstances warrants modification of the custody award in the best interests of the child (see, also, Domestic Relations Law, § 240). Although "priority * * * is accorded the first award of custody," since the prior award here was the result of a stipulation, it was entitled to less weight than a disposition after a plenary trial (*Friederwitzer v Friederwitzer, supra,* pp 94-95). At the hearing, it was admitted that the mother has lived in at least eight different residences since the judgment of divorce was entered. As a result, the child attended school in five different school districts, suffered from a poor attendance record and was compelled to repeat the second grade. The mother also admitted that she frequently fought with her live-in boyfriend, that on four occasions he had violently beat her, and that once he slashed the tires of her car. The child, having witnessed some of these violent acts, worried about her mother and sometimes had trouble sleeping. With respect to living arrangements, the child lived with her mother and half-brother in a one-bedroom apartment, while the father resided in a three-bedroom house with his new wife. Weighing all of the factors, the hearing court concluded that the father is better equipped to provide for the child "economically, emotionally, socially and academically" and that his home "presents a stable, uncrowded, prosperous, harmonious and happy environment". The court modified the judgment of divorce by awarding the parties joint custody of the child, with the child to reside with the father and with liberal visitation to the mother. The repeated exposure to violent acts committed against her mother was severely detrimental to the child's emotional well-being and adversely reflected on the quality of the home environment provided by the mother (see *Matter of Bonnaci v Bonnaci,* 89 AD2d 634; *Ingalls v Ingalls,* 58 AD2d 1039). Moreover, the mother's constant moving to different residences significantly upset the stability of the child's life (see *Matter of Fitch v Guinn,* 92 AD2d 682). In addition, concerns such as the financial status and ability of each parent to provide for the child weighed in the father's favor (see *Eschbach v Eschbach,* 56 NY2d 167, 172). The child's preference to live with her mother is not determinative in this case because a child of 11 is not mature enough to weigh intelligently the factors necessary to make a wise choice as to her custody (*Martin v Martin,* 74 AD2d 419). On the basis of the totality of the circumstances, we conclude that the best interests of the child will be furthered by the child residing with the father. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.