■ In the Matter of SALLY A. GOTHAM, Appellant, v JACKIE D. GOTHAM, Respondent. — Appeal from an order of the Family Court of St. Lawrence

County (Livingston, J.), entered January 26, 1984, which awarded custody of the parties' two daughters to respondent. ¶ The parties are married and have six children, two of whom, Tammy, age 11, and Moreen, age eight, are the subject of this custody proceeding.* Each parent petitioned for custody of both children. The parties separated in May, 1982, and, in March, 1983, when the instant proceeding was commenced, Tammy resided with respondent and Moreen with petitioner. The *status quo* was preserved by temporary custody orders. Following a hearing, in which the court heard from both parties, questioned the children *in camera,* and had the benefit of an investigation report from the St. Lawrence County Department of Probation, permanent custody of both Moreen and Tammy was granted to respondent with substantial visitation accorded petitioner. ¶ The sole issue on this appeal is whether the trial court's decision has a sound and substantial basis in the record (*Matter of Zavasnik v Zavasnik,* 59 AD2d 954, 955). As always, our paramount concern is the best interest of the children. We first note that the prior custody arrangement, emanating from an uncontested stipulation between the parties, was not entitled to any special weight (*Eschbach v Eschbach,* 56 NY2d 167, 172). A review of the trial court's findings confirms that it gave careful consideration to the conduct of the parents, including their life-styles, morality and financial status, in relation to the welfare of the children (*Matter of Carpenter v Carpenter,* 96 AD2d 607; *McIntosh v McIntosh,* 87 AD2d 968; *Matter of Saunders v Saunders,* 60 AD2d 701). While the children are compatible with both parents, who have each demonstrated certain positive child-rearing skills, the record clearly balances in respondent's favor. ¶ Certain elements of poor judgment on petitioner's part are evidenced in the record, including leaving the minor children unattended overnight while socializing and allowing her 17-year-old son John to frequent bars, despite his readily apparent drinking problem. Additionally, petitioner's visitation efforts with Tammy were minimal at best. By comparison, respondent has been faithful in exercising his visitation rights, has maintained a structured supervision of the children, and has attempted to deal with John's drinking problem by refusing him access to alcohol. The trial court aptly observed that petitioner's cohabitation with her paramour, without some evidence of a detrimental effect on the children's welfare, is not dispositive of custody (*Pawelski v Buchholtz,* 91 AD2d 1200; *Matter of Richards v Richards,* 78 AD2d 943). It is apparent here, however, that the children do not enjoy a comfortable relationship with petitioner's paramour, which appears to be a motivating factor in their preference to live with their father (see *Matter of Carpenter v Carpenter, supra; Martin v Martin,* 74 AD2d 419, 428). Moreover, both children have expressed a strong desire to live together. While their preferences are not controlling, they are entitled to consideration (see *Todaro v Todaro,* 76 AD2d 816). There is a strong policy of maintaining close sibling relationships (*Matter of Ebert v Ebert,* 38 NY2d 700, 704; *Matter of Fountain v Fountain,* 83 AD2d 694, affd 55 NY2d 838). ¶ We recognize the Probation Department's recommendation that petitioner retain custody of Moreen, who had shown positive psychological improvement during the period spent in her mother's care after the parents separated. Nonetheless, considering the totality of circumstances, we conclude that the trial court's determination to award custody of both Moreen and Tammy to respondent was well within its range of discretion (*Eschbach v Eschbach,* 56 NY2d 167, *supra; Friederwitzer v Friederwitzer,* 55 NY2d 89). Despite the fact that respondent remains unemployed and on public assistance, he has demonstrated a genuine concern and ability to provide guidance,

---

\* While the original petition for custody included two of the parties' sons, John and Leon, an order was entered upon a stipulation in July, 1983 granting permanent custody of those children to respondent.

affection and stability for the children. ¶ Finally, we reject petitioner's contention that the record before the trial court was inadequate to support a final determination as to custody. Petitioner's failure to present ostensibly favorable evidence at the hearing is of her own doing, and the record contains ample evidence to support the court's determination in favor of respondent. ¶ Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.