■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LINDA MOLLO, Appellant, v VINCENT MOLLO, Respondent.

The parties herein were married on August 14, 1977 and divorced on June 11, 1984. There is one issue of the marriage, born on March 29, 1984.

The terms of the stipulation of settlement provided that while the parties were to have joint custody with respect to the supervision, care and control of the child, the father Vincent Mollo was to have physical custody subject to the unlimited right of the mother Linda Mollo to have visitation on 24-hour notice. Linda now seeks a modification granting her physical custody of the parties' daughter.

The record indicates that, on or about October 19, 1983, Linda became reacquainted with a former boyfriend and subsequently told Vincent that she wanted to divorce him and marry her former boyfriend and raise the latter's family. After a number of discussions, the parties agreed that Vincent was to have physical custody of their infant daughter.

Linda currently resides with her parents and is employed as a junior high school teacher. Vincent rents a four-room apartment in his brother's two-family house. This apartment includes a separate bedroom for his infant daughter, an eat-in kitchen and a den. During Vincent's working hours, his sister-in-law, who has three older sons of her own, cares for the child. However, Vincent usually prepares the baby's meals and handles other daily responsibilities associated with child rearing.

Upon this record, we find the court's determination to be supported by a sound and substantial basis (*Matter of Gotham v Gotham,* 102 AD2d 981, 982; *Matter of Zavasnik v Zavasnik,* 59 AD2d 954, 955). Appellate courts should be reluctant to substitute their own evaluation of the subjective factors inherent in questions of child custody for that of the nisi prius court (*Eschbach v Eschbach,* 56 NY2d 167, 173-174). Special Term was not unduly concerned with the moral implications of the mother's actions (*see, Pawelski v Buchholtz,* 91 AD2d 1200), but rather carefully considered the totality of circumstances involved in determining the best interests of the child (*Eschbach v Eschbach, supra,* at p 171; *Feltman v Feltman,* 99 AD2d 540, 540-541).

We further find that Special Term properly modified the visitation provisions of the stipulation. The record discloses that the parties were unable to equitably operate under the earlier arrangement. Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.