■ JOHN A. ROBINSON, Appellant, v LUCINDA H. ROBINSON, Respondent. — In a matrimonial action, the plaintiff husband appeals from (1) so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated August 2, 1983, as granted that branch of the defendant wife's motion which was to vacate and set aside a stipulation entered into by the parties in open court on March 30, 1983, which provided for equitable distribution of marital property and custody of their infant daughter, (2) an order of the same court, entered September 19, 1983, which granted the defendant's motion for reargument and thereupon adhered to the original determination and (3) an order of the same court (Harwood, J.), entered September 13, 1984, which, after a hearing, *inter alia,* awarded custody of the infant child of the parties to defendant from one week prior to the commencement of the school year and, beginning in 1985, to plaintiff from one week after the last day of the school year until one week before the first day of the school year.

Appeal from the order dated August 2, 1983 dismissed, without costs or disbursements. The portion of the order appealed from was superseded by the order entered September 19, 1983, made upon reargument.

Order entered September 19, 1983, modified, on the law, by adding thereto a provision that upon reargument the provision setting aside the stipulation dated March 30, 1983 is modified so as to provide that only the provisions thereof regarding child

custody and visitation are set aside. As so modified, order entered September 19, 1983 affirmed, without costs or disbursements.

Order entered September 13, 1984 affirmed, without costs or disbursements.

In light of our recent decision in *Harrington v Harrington* (103 AD2d 356), it was error for Special Term to have vacated and set aside the parties' stipulation which had been entered into in open court. The record shows that both parties, represented by their own counsel, participated in the settlement negotiations and were aware of the significance of their agreement. Each party had sufficient opportunity to have the court explain any uncertain terms. Moreover, the court expressed its satisfaction with the fact that the parties were ultimately able to reach an agreement regarding child custody without resorting to judicial intervention. Although neither party expressly acknowledged to the court his or her assent to the terms of the stipulation, defendant has nevertheless conceded the existence of the stipulation by seeking to vacate it subsequent to March 30, 1983. Thus, we find that the stipulation constituted an enforceable opting-out agreement under Domestic Relations Law § 236 (B) (3).

With respect to the motion to vacate and set aside the stipulation, we note that defendant's affidavit did not contain any factual basis upon which to find any fraud, duress or overreaching on plaintiff's part. Mere conclusory statements that the terms of the stipulation were unfair, unconscionable and resulted from plaintiff's intimidation, overbearing conduct, misrepresentations and concealment, without factual support in the record, will not suffice (*see, Whipple Bros. v Andrew,* 37 AD2d 677, *lv denied* 29 NY2d 486).

However, our decision to reinstate the stipulation applies only to its economic provisions. Even an otherwise valid opting-out agreement is still subject to the provisions of Domestic Relations Law § 240 which, *inter alia,* authorize the courts to annul or modify any direction previously made for child custody in the best interests of the child. While we recognize that in the case at bar the sole reason a hearing was conducted on the issue of child custody was because of the order vacating the stipulation, which we have now held to be error, this court should not ignore the findings of Special Term, which heard extensive testimony on such an important issue. Moreover, at the hearing, both parties expressed a desire for an award of sole custody. In any event, the best interests of the child are always of paramount importance (*Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242; *Matter of Robb v McIntosh,* 99 AD2d 571).

Even where there is an existing agreement between the parties with respect to custody, it is but one factor to be weighed by the courts in deciding whether a change of custody is warranted (*Eschbach v Eschbach,* 56 NY2d 167). Even less weight is accorded to an uncontested stipulation than to an agreement reached after a plenary hearing (*Friederwitzer v Friederwitzer, supra; Matter of Gotham v Gotham,* 102 AD2d 981; *Feltman v Feltman,* 99 AD2d 540). On the other hand, a determination reached by a hearing court, which was able to evaluate the evidence and weigh the various factors involved, should be respected on appeal (*Eschbach v Eschbach, supra; Stanat v Stanat,* 93 AD2d 114, *lv denied* 59 NY2d 605).

A joint custody arrangement can only work where there is harmony and cooperation between the parents; it should not be continued where it is apparent that the parties are "severely antagonistic and embattled" and have reached a degree of animosity toward one another which is more harmful than beneficial to the child (*Braiman v Braiman,* 44 NY2d 584, 587; *Stanat v Stanat,* 93 AD2d 114, 117, *supra*).

In the instant case, the findings of the hearing court were supported by the evidence and its determination was not an abuse of discretion. It is evident that the court considered all the testimony, including that favorable to plaintiff. We agree with the court that the parties' expressed hostility toward one another and their lack of communication regarding the child make continuation of the joint custody arrangement an unworkable solution. In addition, there is evidence that the arrangement has had an adverse effect upon the child. Even though plaintiff is obviously a concerned, caring parent, we are not persuaded that the child's best interests would be served if joint custody were continued as previously agreed or if sole custody were awarded to either party. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.