■ In the Matter of ELOISA LYONS, Appellant, v ROBERT LYONS, Respondent.—In a proceeding pursuant to Family Court Act article 6, the petitioner mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Cohen, J.), entered September 8, 1983, as

dismissed her petition to modify a prior order of the same court dated February 26, 1981, which awarded custody of the parties' children to the respondent father.

Order affirmed, insofar as appealed from, without costs or disbursements.

The findings of the Family Court, after a trial, have a sound and substantial basis in the evidence presented and should be accorded the greatest respect on appeal (*Matter of Ebert v Ebert*, 38 NY2d 700, 703; *Matter of Darlene T.*, 28 NY2d 391, 395). It is clear that the court considered the totality of the circumstances in determining that the best interests of the parties' children would be served by continuing custody with the respondent father (*see, Eschbach v Eschbach*, 56 NY2d 167; *Friederwitzer v Friederwitzer*, 55 NY2d 89).

While the courts have recognized the importance of the child's stated preference to live with one parent rather than the other, it is not a controlling factor (*Matter of Gotham v Gotham*, 102 AD2d 981, 982; *Feltman v Feltman*, 99 AD2d 540, 541). In the case at bar, however, three of the parties' four children, when questioned in camera, either expressed a desire to remain with the father, or indicated some satisfaction with that custodial arrangement. All of the children expressed a preference to continue to live together. Only the oldest child, Roberto, stated unequivocally that he preferred residing with his mother. Yet the Nassau County Probation Department and the Nassau County Department of Mental Health were in agreement that Roberto, a disciplinary problem, would have better supervision if respondent father was the custodial parent since he is stricter than petitioner and appears to exercise more control over him. Moreover, there is a strong policy in maintaining close sibling relationships wherever possible (*Matter Ebert v Ebert, supra*, at p 704; *Matter of Gotham v Gotham, supra*, at p 982; *Matter of Fountain v Fountain*, 83 AD2d 694, *affd* 55 NY2d 838).

Even where, as here, there is evidence that the custodial parent threatened to act illegally and irrationally toward the other parent on one occasion, such an isolated incident will not necessarily warrant a change of custody if the children were being kept together in an otherwise stable household and were receiving good care (*see, Matter of Fountain v Fountain, supra*). Significantly, there is nothing to indicate that the children were improperly cared for except for petitioner's unsupported claims that the father did not provide adequate food and clothing for them. There was also evidence that the

father took great interest in the education of the children and made sure that they attended their weekly therapy sessions with the North Shore Child Guidance Center.

Furthermore, the father resided in a four-bedroom private house in which the children were raised whereas petitioner intended to move to a two-bedroom apartment. Moreover, there was evidence in the record that petitioner frequently moved from one location to another, which would compromise a sense of stability in the children's lives (see, *Feltman v Feltman, supra,* at p 541; *Matter of Fitch v Guinn,* 92 AD2d 682).

Based upon the foregoing, the determination of the Family Court with respect to custody should not be disturbed. Mollen, P. J., Bracken, Niehoff and Rubin, JJ., concur.