██ In the Matter of DALE BLANK, Respondent, v JoANNE BLANK, Appellant. (Appeal No. 1.)

The husband petitioned for custody of the children, and after a hearing the court awarded the parties joint custody of the children, with physical custody to petitioner. In finding that the best interests of the children dictated that they live with petitioner, the court relied upon three factors: that the mother's extramarital affair demonstrates lack of truthfulness and lack of good moral character; that the mother placed great emphasis on social relationships outside the home; and that there was the possibility that the mother might leave the area with the children.

While apparently heavily influenced by the mother's extramarital affair, the court also found that she was not neglectful of her children or unfit to handle the responsibilities of parenting. It is well settled that "[a] parent's infidelity or sexual indiscretions should be a consideration in a custody dispute only if it can be shown that such factor may adversely affect the child's welfare" (Pawelski v Buchholtz, 91 AD2d 1200; see also, Matter of Richards v Richards, 78 AD2d 943).

The denial of custody on the speculation that respondent might move from the area of the marital residence is also improper. A grant of custody can always be conditioned upon her staying reasonably within the area where the parties have resided.

There are no set rules which can be followed to insure that a determination in a custody dispute is infallible, but helpful considerations to this end are set forth in some detail in

*Matter of Saunders v Saunders* (60 AD2d 701). On remittitur, the court should consider these factors in making its determination.

A Law Guardian had been appointed for the children, but at the hearing the court advised the parties that they had "waived" a Law Guardian. This was error. A Law Guardian is appointed to protect the rights of children, not for the benefit of the parents and, indeed, this is an appropriate case for the appointment of a Law Guardian. On remittitur, the case should be heard by a Judge other than the one who previously decided the matter.

Lastly, we note that joint custody in this case would not appear to be advisable "since the parties have not demonstrated that they have a stable, amicable relationship *(see, Braiman v Braiman,* 44 NY2d 584, 590-591; *Matter of Bishop v Lansley,* 106 AD2d 732)" *(Matter of Harvey v Share,* 119 AD2d 823, 824; *see also, Plumley v Lints,* 124 AD2d 1028.) (Appeal from order of Steuben County Family Court, Purple, J.—custody.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.