■ In the Matter of DARYL L. SCHWARTZ, Appellant-Respondent, v DONALD J. SCHWARTZ, Respondent-Appellant. (And Another Related Proceeding.)—Kane, J. P. (1) Cross appeals from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered January 7, 1987, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of the parties' children, and (2) appeal from an order of said court, entered March 7, 1988, which partially granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, to modify the visitation rights granted respondent in the prior order.

In April 1986, the parties were divorced and a previously executed separation agreement was incorporated but not merged in the divorce judgment. Among other things, the

agreement provided that legal custody of the parties' two minor children would be joint. It was also agreed that, because the parties resided in the same general vicinity in Otsego County, neither parent would be regarded as having the principal place of residence for the children. Thereafter, in August 1986, petitioner filed two petitions (one for each child) in Queens County Family Court for modification of the custody arrangements. Apparently, petitioner and the two children had moved to Queens County where her parents resided. The proceeding was transferred to Otsego County and Family Court issued a temporary order continuing joint custody but establishing a definite physical custody schedule of alternating two-week periods between the parties. Respondent then cross-petitioned for custody. A hearing was held and on January 7, 1987 Family Court issued an order terminating joint legal custody and awarding sole legal custody to petitioner. The prior order concerning physical custody was, however, continued.

Both parties appealed that decision. However, petitioner apparently withdrew her appeal and instead filed a second petition which sought to modify Family Court's continuation of the alternating two-week physical custody schedule. Respondent's motion to dismiss the second petition or for a stay pending appeal of the first decision was denied. A second hearing was then held after which, in a decision dated March 7, 1988, Family Court ordered that respondent's physical custody would be decreased to one week a month. Only respondent has appealed the second decision.

We turn first to respondent's claim that Family Court abused its discretion in the decision of January 7, 1987 by terminating joint custody. Respondent argues that petitioner failed to show that the best interests of the children would be served by an award of legal custody to her. We reject this contention. Joint custody involves the sharing of responsibility by the divorced parents for and control over their children's upbringing and is, therefore, appropriate only in those cases involving stable, amicable parents behaving in a mature and civilized manner and cooperating with each other (*Braiman v Braiman*, 44 NY2d 584, 589-590; *Robinson v Robinson*, 111 AD2d 316, 318, *appeal dismissed* 66 NY2d 613). Here, the record indicates that the parties were antagonistic to each other and could no longer successfully cooperate in carrying out the joint custody arrangement; thus, there was no abuse of discretion in terminating joint custody (*see, Matter of Sooy v Sooy*, 101 AD2d 287, 288-289, *affd* 64 NY2d 946).

As to the claim that sole legal custody should not have been awarded to petitioner, such a determination is guided by the best interests of the children and a court must consider many factors which include stability, the relative fitness of the parents, the prior custody award, the children's wishes, the quality of the home environment, and the ability of each parent to provide for the emotional and intellectual needs and development of the children *(Friederwitzer v Friederwitzer,* 55 NY2d 89; *see, Eschbach v Eschbach,* 56 NY2d 167, 172). Here, Family Court's decision that an award of custody to petitioner was warranted under the circumstances of this case conformed to the weight of the evidence and was not an abuse of discretion *(see, Robinson v Robinson, supra,* at 318). The court's findings also indicate that the above-listed factors were considered. In reaching this conclusion, we note that Family Court had the opportunity to observe and evaluate the testimony, character and credibility of the parties *(see, Eschbach v Eschbach, supra,* at 172) and that its findings in these matters are entitled to the "greatest respect" *(Matter of Irene O.,* 38 NY2d 776, 777).

Additionally, while respondent correctly notes that a court may not be influenced by the marital fault or moral laxity of a party to a custody dispute, unless it is shown to have adversely affected the children's welfare *(see, Pawelski v Buchholtz,* 91 AD2d 1200), that was not the situation here. Although Family Court discussed such conduct by respondent, its findings show that it considered this type of conduct only to explain the stress which caused petitioner to seek medical treatment. Therefore, we find no abuse of discretion in the court's awarding of sole legal custody to petitioner.

Respondent next argues that the March 7, 1988 order that reduced his physical custody of the children to one week a month was in error. He claims that petitioner failed to show a sufficient change of circumstances to warrant such a modification and that Family Court's decision was unsupported by competent evidence in the record. In rejecting this argument, we again emphasize that where a modification in custody is sought, the paramount concern is the children's best interests under the totality of the circumstances *(see, Eschbach v Eschbach, supra,* at 173-174). In our view, petitioner satisfied her burden of demonstrating a sufficient change in circumstances to warrant the modification that the court granted *(see, Matter of Julian v Carey,* 124 AD2d 318). The court found that the shared physical custody arrangement was adversely affecting the children. This conclusion was supported by testimony in

the record. Furthermore, where, as here, the record contains sufficient supporting and conflicting testimony, considerable weight is accorded to the trial court's determination *(see, Matter of Sooy v Sooy, supra,* at 289). It was also within Family Court's discretion to find petitioner's proof on the issue of adverse affect as a changed circumstance more credible than respondent's proof *(see, Eschbach v Eschbach, supra,* at 173).

Respondent also raises several arguments to support his further claim that both the awards of legal and primary physical custody to petitioner lacked a substantial basis in the record *(see, Pawelski v Buchholtz, supra,* at 1200-1201). He correctly notes that a significant factor in custody determinations is which parent is better able to assure meaningful contact of the children with the other parent *(see, Bliss v Ach,* 56 NY2d 995, 998). However, respondent failed to show how he would be more effective at this than petitioner. Furthermore, custody options that allow direct care by a parent rather than a third party are preferred *(see, Jacobs v Jacobs,* 117 AD2d 709, 711), and here the record indicates that respondent's present wife often cares for the children while he is working. Respondent's argument that petitioner is unfit also finds no support in the record. He claims that her move from Otsego County to Queens County creates an inference that she is unfit. However, although petitioner moved without respondent's knowledge or court consent, the record supports Family Court's conclusion that the move was motivated by employment, familial and support reasons, and to avoid further harassment from respondent. Additionally, as the court noted, she then sought to legally change custody by commencing a proceeding in Queens County. Thus, this was not a case of surreptitious absconding of the children to another jurisdiction *(cf., Dorsett v Dorsett,* 93 AD2d 854). It should also be noted that petitioner apparently is employed now in Otsego County and she has been expressly ordered not to leave that county without court permission.

Respondent also assigns error to certain procedural rulings by Family Court. We find no support for his claim that the court improperly denied his motion to review the contents of a home study report ordered by the court. Before ordering the report, the court obtained both parties' consent to its compilation and to the court's decision that it would be confidential and used only by the court *(see, Aberbach v Aberbach,* 33 NY2d 592, 593; *cf., Lincoln v Lincoln,* 24 NY2d 270, 273).

We also find no error in the scope of the conference held at

the second hearing pursuant to 22 NYCRR 205.12. Family Court specifically stated that the issues were limited to a change of circumstances and that petitioner was seeking a modification in visitation privileges (see, 22 NYCRR 205.12 [b] [5]), and the record establishes that the hearing was indeed limited to those issues. Additionally, as the court noted, if respondent wished more notice as to the particular change in circumstances he could have requested a bill of particulars or some other discovery device prior to the hearing. There is also no merit to his claims that a request for a psychological evaluation of petitioner was improperly resolved or that the court improperly considered evidence outside the record.

Respondent's motion for recusal was also properly denied. He makes no claim that Judiciary Law § 14, which requires a Judge's disqualification for reasons of interest or consanguinity, was violated. Furthermore, the claim that the Family Court Judge's decision in this case was affected by bias or prejudice finds no support in the record and, therefore, no ethical standards were breached (see, Code of Judicial Conduct Canons 2, 3). We have addressed respondent's remaining procedural arguments and find them equally lacking in merit.

To conclude, although respondent's suitability and fitness as a parent is not disparaged by the record, we find no abuse of discretion in Family Court's award of sole legal custody to petitioner nor in its discretion to modify respondent's visitation privileges.

Orders affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.