■ In the Matter of MERLE ESKENAZI, Respondent, v HAROLD ESKENAZI, Appellant.—In consolidated proceedings with respect, *inter alia,* to custody, visitation, maintenance and child support, the father appeals from stated portions of an order of the Family Court, Richmond County (Cognetta, J.), dated December 15, 1989, which, after a hearing, *inter alia,* awarded sole custody of the parties' youngest child to the petitioner mother, modified the visitation rights of the father, and awarded maintenance arrears to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to a judgment of divorce of the Supreme Court, New York County, dated April 28, 1981, which incorporated the terms of a prior separation agreement, the parties were to share joint custody of the infant daughter Lauren. In January 1989 the mother petitioned, among other things, for (1) sole custody of Lauren, (2) modification of the visitation schedule from every weekend to alternate weekends, and (3) maintenance arrears. At that time, Lauren was nine years of age.

After conducting a hearing, obtaining psychiatric evaluations of both parties and the children, and interviewing the child, the Family Court granted the mother sole custody of Lauren.

It has often been observed that joint custody is appropriate only in those situations where the parents' relationship is amicable and stable, and they are behaving in a mature, civilized, and cooperative manner *(see, Robinson v Robinson,* 111 AD2d 316, 318). There is sufficient support in the record

for the Family Court's determination that the child's best interests would best be served by awarding sole custody to the mother. Not only is there ample evidence that the parties were antagonistic to each other and that they were unable to make joint decisions in matters relating to the care and welfare of the infant child, but there is also evidence that the arrangement has had an adverse effect upon the child. Moreover, under the circumstances, we find that the court's modification of the father's visitation schedule was proper.

We also find that the father failed to establish by a preponderance of the evidence that the mother was habitually living with another man, which, under the terms of the separation agreement, would have terminated her maintenance payments *(see, Salas v Salas,* 128 AD2d 849). Thus, the award of maintenance arrears was proper.

The father's remaining contentions are without merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.