■ MICHELLE R. DENNIS, Respondent, v GERARD D. DENNIS,

Appellant. [595 NYS2d 558] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Burrows, J.), dated February 4, 1992, as awarded sole custody of the parties' daughter to the plaintiff wife and directed the defendant to pay the plaintiff's counsel fees in the amount of $14,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on May 2, 1987. They had one daughter, Ashley, born on May 13, 1988. Approximately one year after Ashley was born, the plaintiff wife commenced this action for divorce. Both parties requested sole custody of their daughter. After a nonjury trial, the Supreme Court issued a judgment which, *inter alia,* (1) granted the divorce on the ground of constructive abandonment, (2) awarded sole custody of the parties' child to the mother, and (3) directed the father to pay the mother's counsel fees in the amount of $14,500.

On appeal, the defendant husband argues that the Supreme Court abused its discretion when it awarded sole custody of the parties' child to the mother and when it awarded counsel fees to the mother. We disagree.

We find that the Supreme Court's custody determination was supported by the record. Given the parties' obvious animosity towards each other, evidenced in part by the protracted nature of this litigation, an award of joint custody was clearly not in the child's best interests *(see, Braiman v Braiman,* 44 NY2d 584, 587; *Robinson v Robinson,* 111 AD2d 316, 318). The evidence supports the Supreme Court's determination to award sole custody to the plaintiff.

Moreover, the Supreme Court did not improvidently exercise its discretion in awarding counsel fees to the plaintiff *(see,* Domestic Relations Law § 238; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.