■ PATRICIA M. DE FAZIO, Appellant, v ANTHONY P. DE FAZIO, JR., Respondent. [640 NYS2d 705] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Spain, J.), entered September 13, 1994 in Rensselaer County, which, *inter alia*, awarded physical custody of the parties' children to defendant, and (2) from that part of a judgment of said court, entered September 19, 1994 in Rensselaer County, which incorporated said order of custody.

The parties were married on June 11, 1983 and resided as a family in the City of Troy, Rensselaer County, until they separated in July 1993. Two children were born of the marriage, Anthony (hereinafter Zane) (born in 1985) and Gerald (hereinafter Geri) (born in 1989). According to plaintiff the

couple had agreed to eventually leave the Capital District area to seek new challenges and better opportunities elsewhere. However, as plaintiff was unhappy with defendant's employment choices and had concerns about his ability to provide for and supervise their children, she commenced an action for divorce in November 1992. Defendant's motion to dismiss the complaint was denied by Supreme Court on January 8, 1993.

Both parties made motions disputing custody, *inter alia*, in July 1993. In August 1993, plaintiff moved to Wilmington, Vermont, having previously accepted a teaching position at a school there in the belief that the children would be placed in her custody. On October 28, 1993 plaintiff and defendant entered into an interim stipulation agreeing upon, *inter alia*, joint legal custody with primary physical custody to defendant pending further direction of Supreme Court. An order incorporating the stipulation was thereafter entered.

A hearing was held on the issue of custody at which Supreme Court heard the testimony of psychological experts, Elizabeth Schockmel and Randy Cale, and various witnesses for the parties. In addition the court considered an initial report from Cale submitted in connection with the temporary order of custody as well as his later report, the report of Schockmel and that of the Law Guardian appointed by the court. The court also talked to each of the children separately at in camera interviews held in chambers with the Law Guardian present.

Supreme Court rendered its custody decision in open court on the record. The court initially commented that the issue was relocation, discussed the New York law pertinent to the "relocation rule", and noted that "a common thread through all of the custody cases, relocation and otherwise, is the best interests of the children". The court found that "exceptional circumstances" had not been established. Supreme Court explicitly stated that it was making its decision based on the best interests of the children. The court concluded that joint legal custody was appropriate, reviewed and commented upon the evidence and ultimately awarded defendant physical custody of the children with liberal visitation to plaintiff. An order was then entered to that effect and later specifically incorporated into the judgment of divorce. This appeal is from the order of custody and so much of the judgment as incorporated the order.

Plaintiff's argument that Supreme Court improperly applied the relocation rule is correct (*see, Matter of Tropea v Tropea*, 87 NY2d 727). Nevertheless, the error did not adversely affect Supreme Court's decision as the court ultimately based its de-

cision on the best interests of the children (*see, supra,* at 741-742; *see also, Eschbach v Eschbach,* 56 NY2d 167, 171). We conclude that the result reached here was based on a proper analysis of the "best interests" of the children.

Plaintiff's contention that Supreme Court completely misapprehended the applicable evidentiary standard in awarding physical custody of the children is not persuasive. Clearly, the best interest of the children is the appropriate evidentiary standard to be applied (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 250). Among the factors to be considered are the quality of the affection shown the children, home stability, parental fitness, the ability of the parents to intellectually stimulate the children and encourage their moral development, financial status, the children's wishes and the effect upon the noncustodial parent's visitation rights (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Matter of Gitchell v Gitchell,* 165 AD2d 890, 894; *Matter of Schwartz v Schwartz,* 144 AD2d 857, 859, *lv denied* 74 NY2d 604).

Significantly, here the fitness of both parents to have physical custody of the children was conceded. Supreme Court properly weighed the significant factors to be considered in making custody awards. Plaintiff's coaching of the children against defendant and its influence on what the children told the court in regard to defendant was noted by the court. The psychologists also noted this coaching. Supreme Court also considered the stability provided the children by their residence in Troy. The support of the families of both parents, especially defendant's friends and neighbors in the Troy area, was available. The children's progress in school while in the care of defendant contradicted plaintiff's claims that the children would be disadvantaged residing with defendant. Both psychological experts and the Law Guardian noted plaintiff's negative interaction with the children at times. Supreme Court's selection of defendant as the physical custodial parent over plaintiff is supported by the record and should be affirmed.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, without costs.