■ In the Matter of KARYL A. ROBB, Respondent, v RICHARD MCINTOSH, Appellant. — Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered June 17, 1983, which modified a prior custody order and awarded custody of the parties' children to petitioner, (2) from an order of said court, entered June 27, 1983, which granted enforcement of the custody order, and (3) from an order of said court, entered June 30, 1983, which denied respondent's motion to vacate the custody order. The parties were married in 1971 and are the parents of two children, now 8 and 12 years of age. They resided in Delaware County until September of 1977 when it was agreed that petitioner and the children would live in Cooperstown, Otsego County, while she continued her education. During such time, respondent apparently remained in close contact with the children. Petitioner and the children returned to the marital residence in June of 1978 and resided there until August of 1979 when, with respondent's consent, petitioner took the children to Indiana where she attended graduate school. In the summer of 1980, petitioner and the children returned to the marital residence and, soon thereafter, the parties petitioned the Delaware County Family Court for custody of the children. Subsequently, again with respondent's consent, petitioner brought the children to Indiana with her for the 1980-1981 school year. A dual divorce was obtained in July of 1981. By order entered August 26, 1981, Delaware County Family Court awarded custody to respondent. Such order was unanimously affirmed by this court on April 22, 1982 (*McIntosh v McIntosh,* 87 AD2d 968). On January 12, 1983, petitioner commenced this proceeding in Delaware County Family Court seeking a modification of the custody order and an award of custody of the children to her. By order entered June 17, 1983, Family Court granted the application. This appeal by respondent ensued.[*] Child custody decrees are not entitled to the *res judicata* effect accorded civil orders and judgments generally, but are subject to modification (see Domestic Relations Law, § 240). It is not necessary for a party seeking modification to establish an extraordinary change in circumstances (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 91). The standard to be applied, whether the proceeding is for an initial custody determination or modification of an existing decree or agreement, remains the best interest of the child based on a consideration of all the applicable factors (*id.,* at p 95). However, where modification of an existing custody decree is sought, the prior decree and the circumstances on which it was based must be given due consideration because stability is in a child's best interest (*id.; Matter of Nehra v Uhlar,* 43 NY2d 242, 250). Stability will obviously not be promoted by a continuous series of proceedings seeking to relitigate the matter of custody *de novo.* With these principles in mind, we turn to respondent's contentions. Respondent argues that Family Court erred in admitting evidence concerning incidents which occurred prior to the initial custody award. While it may be true that a modification proceeding is not a forum for the making of new factual findings based on evidence which was submitted at the prior custody hearing, it is apparent from a reading of *Friederwitzer* that the prior decision, as well as the underlying factors, are

---

[*] Respondent also appealed from subsequent orders granting enforcement of the custody order and denying his motion to vacate based on newly discovered evidence. However, respondent does not challenge these orders on this appeal.

subject to consideration as part of the totality of circumstances to be reviewed in determining whether a change of custody is warranted. In the instant case, there was very little evidence introduced regarding incidents which occurred prior to the initial decree. What evidence was admitted was not for the purpose of relitigating the initial custody determination but was relevant as part of the totality of circumstances on which Family Court's decision was to be based. Therefore, there was no error in admitting such evidence. Respondent also argues that Family Court's conclusion that a change in custody was warranted is not supported by the evidence in the record. We disagree. The determination of custody is a matter addressed to the discretion of the trial court and will not often be disturbed on appeal (see *Matter of Darlene T.*, 28 NY2d 391, 395). The appellate function is limited to ensuring that, in making its decision, the trial court evaluated all of the appropriate considerations (*McIntosh v McIntosh*, 87 AD2d 968, *supra*). Here, Family Court found that, among other things, one of the children was having difficulty in school and that petitioner was taking an active, personal role in attempting to help the child. Family Court also found that a change in custody would provide enhanced social, cultural and recreational opportunities for both children. Additionally, though by no means dispositive, one of the children expressed a desire to live in Indiana with petitioner. Finally, a change in custody would not be particularly disruptive to the children's lives since they have spent extended periods of time in the custody of petitioner. Family Court's decision was based on the testimony of witnesses, psychological reports and the results of a *Lincoln* hearing (see *Matter of Lincoln v Lincoln*, 24 NY2d 270). In our view, the decision is supported by the evidence in the record and should not be disturbed. Orders affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.