■ In the Matter of GERALD J. GRAVEN, Respondent, v EVE A. GRAVEN, Appellant.—Kane, J. P. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered May 21, 1986, which, in proceedings pursuant to Domestic Relations Law § 240, directed that the parties have joint custody of their son with primary physical custody to petitioner.

Petitioner and respondent were married on August 31, 1981 and divorced on March 1, 1983. Their son, Gerald Shane Graven born June 13, 1982, was the only child of the marriage. At the time of the divorce, respondent was awarded custody of the child. Thereafter on September 11, 1985, respondent executed a voluntary custody agreement whereby she temporarily surrendered custody of the child to petitioner.* Subsequently, respondent changed her mind and removed the child from petitioner's residence. On October 22, 1985, petitioner filed a petition for custody and respondent filed a petition for modification of the voluntary custody agreement. The parties stipulated that petitioner would have primary physical custody of the child pending receipt of a probation investigation report by Family Court. Shortly thereafter, on October 28, 1985, respondent filed a second petition seeking custody of the child on the ground that he had been physically abused by petitioner. Family Court received the probation investigation report on January 9, 1986. Subse-

---

* This agreement is not included in the record, but was approved by Family Court.

quently, on January 24, 1986, respondent filed a third petition seeking custody of the child on the ground that he had been sexually abused by petitioner. On February 6, 1986, respondent was awarded temporary custody of the child with supervision by the Broome County Department of Social Services. After a hearing, Family Court rejected the allegations of abuse and directed that both parties have joint legal custody of the child with petitioner having primary physical custody and respondent having partial physical custody at specified times. The Broome County Department of Social Services was ordered to continue its supervision of this matter. This appeal by respondent ensued.

We affirm. A review of the record reveals no basis to disturb Family Court's determination of what custody arrangement is in the best interest of the parties' child (see, Matter of Robb v McIntosh, 99 AD2d 571). Indeed, Family Court rendered a detailed and well-reasoned decision which is supported by the record. Moreover, in the absence of a request by respondent for Family Court to record an in camera interview between it and the child, we reject respondent's argument on appeal that we must reverse because no record of the interview was made (cf., Matter of Lincoln v Lincoln, 24 NY2d 270). Contrary to respondent's suggestion, Family Court did not give paramount importance to the child's wishes, and intelligent review by this court is possible upon the present record. The order should therefore be affirmed.

In closing, we would only note our hope that with the assistance of the Broome County Department of Social Services, the parties can put aside their animosity toward each other for the best interest of their son.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.