■ In the Matter of LEONARD F., Respondent, v JOLANTA J., Appellant.—Order, Family Court, New York County (Ruth Jane Zuckerman, J.), entered on or about December 12, 1989, which ordered updated mental health evaluations of the parties' children, unanimously reversed, on the law, without costs or disbursements, respondent-appellant's cross petition, inter alia, to dismiss the petition granted and the petition dismissed.

By order dated September 16, 1988, the Family Court suspended all visitation between the petitioner, who for most of his adult life has had a manic depressive disorder, and the two infant children, then, respectively, nine and five years old, and granted a permanent order of protection to respondent mother, petitioner's former wife.

In May 1989, petitioner moved for modification of the visitation order, alleging that there had been a change of circumstances in that "he is seeing a psychiatrist regularly" and that he is now "completely rehabilitated". Respondent cross-moved, inter alia, to dismiss the petition. On September 25, 1989, after petitioner submitted a psychiatrist's affidavit stating that "there is evidence showing a change in [his] emotional stability for the better", the court ordered an updated MHS examination on petitioner. After examination, the psychiatrist concluded, based on petitioner's psychiatric history, that, although medication was "helping him somewhat", petitioner's "condition is basically unchanged" and that "[e]ven with the medication, his control is very tenuous and he is very unpredictable." The psychiatrist recommended that, since it was "difficult if not impossible" to make any predictions as to petitioner's conduct and interaction with the

children, they be reevaluated to determine how they might tolerate supervised visitation. On the basis of this recommendation, the court ordered updated MHS evaluations on the children.

The Family Court, except in circumstances inapplicable here, may determine an application to modify an order of visitation "upon a showing that there has been a subsequent change of circumstances and modification is required." (Family Ct Act § 652 [b] [ii].) Although it is argued by both respondent and the guardian ad litem that petitioner must show a change in *his* circumstances, neither the statute itself nor the cases they cite suggests any such requirement.* Nevertheless, petitioner urges that he has made the requisite showing of changed circumstances "through his resolve to visit his psychiatrist on a regular basis and his use of the prescribed drugs to relieve and stabilize his mood swings." This, however, cannot be characterized as a change in petitioner's circumstances, i.e., his mental condition; it constitutes only an assertion that petitioner is working toward such a change. Further, while petitioner's treating psychiatrist conclusorily states that "there is evidence showing a change in [petitioner's] emotional stability for the better", this statement is apparently offered not to establish that such a change has taken place, but only to establish that evaluation by a court-appointed psychologist or psychiatrist is warranted. The court-appointed psychiatrist's conclusion, after such evaluation, that petitioner continues to suffer from a chronic manic depressive disorder, manifesting itself in unpredictable behavior, and that his condition is "basically unchanged" since the previous evaluation is undisputed. Thus, while there may be some question as to the emotional status of the children at the present time, absent some support for the allegation of a change of circumstances, there is no purpose to be served by subjecting them to potentially stressful psychological reevaluation at this time. Concur —Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.

---

* *See, Matter of Coyne v Coyne,* 150 AD2d 573; *Twersky v Twersky,* 103 AD2d 775; *Schlessel v Schlessel,* 75 AD2d 869; *Matter of Robb v McIntosh,* 99 AD2d 571; *Matter of Grado v Grado,* 44 AD2d 854.