■ In the Matter of MARTIN V., Appellant, v KAREN BETH G., Also Known as CHAYA V., Respondent. LAW GUARDIAN, Appellant. [759 NYS2d 324] —Order, Family Court, New York County (Elizabeth Barnett, Referee), entered on or about June 21, 2002, which denied the petition to modify a prior joint custody award to grant sole custody to petitioner, unanimously affirmed, without costs.

The court's determination, after hearing and weighing all the evidence, that it was in the child's best interests that the joint custody arrangement continue, is supported by a sound basis in the record and we see no basis to disturb the court's assessment of the witnesses' credibility (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Clara L. v Paul M.,* 251 AD2d 22 [1998]). Given the record before it, the court properly treated the child's preference to live with petitioner as nondispositive (*see Eschbach,* 56 NY2d at 173; *Matter of Chamberlain v Chamberlain,* 260 AD2d 671 [1999], *lv denied* 93 NY2d 811 [1999]; *Matter of Clara L., supra*; *Matter of Olimpia M. v Steven M.,* 228 AD2d 270 [1996]). The court's rejection of petitioner's belated application for an in camera interview of the child, after petitioner had initially opposed respondent's application for such an interview, was a proper exercise of discretion (*see Matter of Lincoln v Lincoln,* 24 NY2d 270 [1969]; *Matter of Farnham v Farnham,* 252 AD2d 675, 677 [1998]), especially since the child's preference had been made known to the court through the Law Guardian's witness and the Law Guardian took no position with respect to the application. Although the recommendations of professional witnesses and the Law Guardian are important and generally should not lightly be disregarded, they were for sound reasons well-founded in the record properly discounted by the court in this matter (*see Matter of McCoy v McCoy,* 277 AD2d 384 [2000]; *Matter of Daniels v Guntert,* 256 AD2d 940 [1998]).

We have reviewed appellants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.