■ In the Matter of MARGOT M., Appellant, v CHANTE T. et al., Respondents. [49 NYS3d 295]—

Order, Family Court, New York County (Carol Goldstein, J.), entered on or about March 18, 2016, which, after a hearing, determined that petitioner grandmother had not established standing to seek visitation, and dismissed her visitation petition with prejudice, unanimously affirmed, without costs.

The record supports Family Court's determination that conditions did not exist to warrant an equitable intervention granting the grandmother standing to seek visitation (Domestic Relations Law § 72 [1]). The court properly conducted a hearing on the issue and considered all the relevant factors, including the nature and basis of the respondent parents' objection to the grandmother's visitation with the subject child and the nature of the grandmother's relationship with the child (Karr v Black, 55 AD3d 82, 85 [1st Dept 2008], lv denied 11 NY3d 712

[2008]; *see also Matter of E.S. v P.D.*, 8 NY3d 150, 157 [2007]). The record demonstrated that the grandmother made a false ACS report against respondent father in retaliation for his eviction of respondent mother and that the grandmother was aggressive and angry. The grandmother admitted that she had not seen the child since March 2013, and that the child did not recognize her at that time. There is no evidence to suggest that the grandmother attempted to visit the child after the child and the father moved upstate or to contact the child prior to 2014. While the grandmother did leave voice mails on the father's phone between 2014 and 2015, they primarily addressed the grandmother's relationship with the mother, not the child. Based on the foregoing, the parents had valid objections to the grandmother visiting the child. Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.