■ In the Matter of PAUL P., Respondent, v TONISHA J., Appellant. [50 NYS3d 375]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about January 15, 2016, which, after a hearing, denied respondent mother's request for custody, and granted petitioner father's petition for modification of visitation to the extent of, among other things, modifying the mother's visitation to one day a week, unanimously affirmed, without costs.

The mother's unsubstantiated claim that she completed drug treatment and received therapy for her depression was not a substantial change in circumstances to warrant a change in custody from the father to the mother (Family Ct Act § 652 [b] [ii]; *Matter of Leonard F. v Jolanta J.*, 162 AD2d 215, 216 [1st Dept 1990]). Nor was there any evidence that the father was an unfit father or that continued custody with him was not in the best interest of the parties' child (*see Matter of Isaac C. v Veronica R.*, 18 AD3d 327 [1st Dept 2005]).

Family Court providently exercised its discretion in denying the mother's request for an in camera interview of the child. The court was aware of the child's preferences, since the child's counsel stated during the hearing that the child wanted to live with the father and visit the mother (*see Matter of Martin V. v Karen Beth G.*, 305 AD2d 305, 306 [1st Dept 2003]).

Family Court's finding that it is in the child's best interest to change the mother's visitation to once a week has a sound and substantial basis in the record. The evidence shows that the mother failed to supervise the child and did not adhere to the court's prior order (*see Matter of Thomas v Osborne*, 51 AD3d 1064, 1068 [3d Dept 2008]). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.