Matter of Stanley G.M. v Ivette B. (2020 NY Slip Op 01551)





Matter of Stanley G.M. v Ivette B.


2020 NY Slip Op 01551


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11201 -14 03866/14

[*1] In re Stanley G.M., Petitioner-Appellant,
v
Ivette B., Responent-Respondent.


The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for appellant.
Bruce A. Young, New York, for respondent.
The Children's Law Center, Brooklyn (Eva D. Stein of counsel), attorney for the children.



Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about September 21, 2018, which, upon a finding that it would be contrary to the children's best interests to grant the father's petition for an order of visitation, dismissed the petition with prejudice, unanimously affirmed, without costs.
Family Court providently exercised its discretion in refusing to order an in camera interview of the children, who have significant medical and emotional needs (see Matter of Paul P. v Tonisha J., 149 AD3d 409, 409 [1st Dept 2017]; Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1092 [3d Dept 2011]). In addition, no party, including the father, requested a forensic evaluation in this case. Regardless, the court was aware of the children's preferences through the mother's testimony and the attorney for the children's statements in court (see Paul P., 149 AD3d at 409). The mother testified credibly that the children did not want to see or speak with their father.
Moreover, the Family Court's finding that it was in the children's best interest to deny the father's petition for visitation had a sound and substantial basis in the record (Matter of James Joseph M. v. Rosana R., 32 AD3d 725 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). "The determination as to whether or not a court should award visitation to a noncustodial parent lies within the sound discretion of the trial court, and must be based upon the best interests of the child" (see Matter of Michael Evan W. v Pamela Lyn B., 152 AD3d 414, 414 [1st Dept 2017], lv denied 30 NY3d 910 [2018]; Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). The trial court's findings should be accorded great deference since that court was in the best position to evaluate the testimony, character, and sincerity of the parties (Matter of Gilyard v Gilyard, 266 AD2d 289 [2nd Dept 1999]).
The evidence showed that the father was inconsistently involved with the children during their first few years of life. In 2008, when the children were 5 years old and 2 years old, the father moved to Florida. As of the time of the hearing, he had not seen or spoken to the children in over 9 years. He admitted that he "gave up" trying to communicate with them for a period of 5 years and did not attempt any contact. At this time, the children, who at the beginning of the hearing were 13 years old and 10 years old, expressed a strong preference not to have a relationship with their father. Moreover, the two boys suffer from significant special needs including, inter alia, Asperger's syndrome, seizures, asthma, and anxiety, and the evidence [*2]showed that the father failed to take any steps to learn how to address these needs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK