Matter of Stevens v Carey (2020 NY Slip Op 06534)





Matter of Stevens v Carey


2020 NY Slip Op 06534


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-10925
 (Docket No. V-576-13)

[*1]In the Matter of Robert Stevens, etc., appellant,
v
Jean J. Carey, et al., respondents.


Del Atwell, East Hampton, NY, for appellant.
Kathleen M. Valletta, Carmel, NY, for respondents.
William E. Horwitz, Briarcliff Manor, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Putnam County (James T. Rooney, J.), entered August 23, 2019. The order dismissed, without prejudice, the father's petition to modify a prior order of custody and parental access of the same court entered July 3, 2018.
ORDERED that the order entered August 23, 2019, is affirmed, without costs or disbursements.
The subject child was born in 2011. Following the death of the child's mother, the Family Court, in an order entered July 3, 2018 (hereinafter the 2018 order), granted the petition of the maternal grandparents for sole legal and physical custody of the child. The father was awarded parental access, to be supervised by a designated licensed clinical social worker.
On January 23, 2019, the father filed the instant petition to modify the 2018 order, seeking unsupervised parental access with the child. The maternal grandparents and the attorney for the child opposed the petition. Following a number of court appearances at which it was requested that the father present a comprehensive substance abuse evaluation, inclusive of information provided by collateral sources, the Family Court, in an order entered August 23, 2019, dismissed the father's petition, without prejudice to his refiling upon submission of such an evaluation. The father appeals.
"Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Spencer v Killoran, 147 AD3d 862, 863 [internal quotation marks omitted]; see Matter of Newton v McFarlane, 174 AD3d 67, 76; Henrie v Henrie, 163 AD3d 927, 928; Matter of Feliciano v King, 160 AD3d 854, 855). "[T]he burden is on the party seeking modification to make, at the outset, an evidentiary showing of a sufficient change in circumstances" (Matter of Scott v Powell, 146 AD3d 964, 965).
Here, the father failed to make an evidentiary showing of a change in circumstances which would necessitate a modification of the parental access arrangements to ensure the best interests of the child. The allegations in the petition and documentation submitted by the father failed to demonstrate that he had meaningfully addressed the substance abuse and mental health issues which resulted in the curtailment of his parental access rights under the 2018 order (see Matter of Peura v Peura, 170 AD3d 857, 858). Contrary to the father's contentions, he was not deprived of an opportunity to be heard on the petition (cf. Matter of Edmunds v Fortune, 156 AD3d 880, 881-882), nor of meaningful access to the child (see Matter of Carl J.B. v Dorothy T., 186 AD2d 736, 738).
The father's remaining contentions are without merit.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court