Matter of Erica B. v Louis M. (2023 NY Slip Op 03972)

Matter of Erica B. v Louis M.

2023 NY Slip Op 03972

Decided on July 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 27, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

 Docket Nos. V-20145-16/18B, V-20145-16/19D Appeal No. 454 Case No. 2022-01059 

[*1]In the Matter of Erica B., Petitioner-Appellant,
v
Louis M., Respondent-Respondent. 

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Aleza Ross, Patchogue, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.

Order, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about September 30, 2021, which, to the extent appealed from as limited by the briefs, granted respondent father's prima facie application to dismiss petitioner mother's petition seeking modification of a final order of custody and visitation entered on or about November 4, 2016 so as to permit her to relocate to Rochester with the subject child and to modify the father's visitation schedule to accommodate such relocation, unanimously affirmed, without costs.
In November 2016, the parties entered into a custody order on consent. The custody order provided that the mother had sole legal and primary physical custody, and provided for a parenting time schedule for the father. It further provided that "the custodial party may not relocate more than 25 miles from [the mother's residence in the Bronx] without the written consent of the non-custodial party, and may then do so only upon establishing a mutually agreeable post-relocation visitation schedule that is reduced to writing and signed by each party or upon Court order." On October 15, 2018, the mother filed a petition seeking to modify the 2016 custody order and requesting permission to move with the parties' then four-year-old son to Rochester, New York. A hearing on the mother's petition took place over 10 days between March 4, 2019 and March 10, 2020. The mother presented her own testimony and that of her brother.
A parent who moves for permission to relocate must make out a prima facie case on two issues: first, that there are changed circumstances requiring modification of the custody order, and second, that the proposed relocation is in the child's best interest. In this case, at the close of the mother's case on March 10, 2020, the father moved to dismiss the mother's petition on the grounds that she had failed to make a prima facie showing on both issues. The attorney for the child supported the father's motion. On September 30, 2021, after counsel submitted briefs on the father's motion, the court issued the order appealed from, which dismissed the mother's petition, finding that she had not made a prima facie showing on both prongs.
Based on our review of the record, we find that the mother did make a prima facie showing that there were changed circumstances requiring Family Court to consider whether modification of custody and visitation was in the child's best interests. When determining a motion to dismiss a modification petition for failure to make a prima facie showing that modification is warranted, the court must view the evidence in the light most favorable to the petitioner (Matter of Christina T. v Thomas C.T., 173 AD3d 614, 614 [1st Dept 2019]). The mother established through documentary evidence and her own uncontroverted testimony, which the court found credible, that she learned in or about fall 2018 that she could not continue to reside in the residence where she had lived when she signed the 2016 [*2]custody order. Her brother owned that residence and she had paid him $75 per week as rent. Her brother began to consider selling the residence in March 2018 and made a firm decision to do so in or about November 2018. He executed a contract of sale in January 2019 requiring that the house be sold free of occupants and setting a closing date of March 10, 2019. The house was eventually sold on June 28, 2019.
The mother testified that she could not afford anything comparable to that residence in New York City that would accommodate her, the parties' son, and her teenage daughter. Although she had applied for subsidized housing in New York City, she had never been approved. Conversely, she had been approved for a three-bedroom townhouse with a garage, outdoor space, and access to a pool in subsidized housing in Henrietta, a suburb of Rochester. Accordingly, the evidence established prima facie that there were changed circumstances requiring the court to consider whether a modification of the custody order was in the child's best interests, as the attorney for the child argued (see Matter of Michael B. v Latasha T.-M., 166 AD3d 480, 481 [1st Dept 2018] [the mother's unilateral relocation constituted changed circumstances requiring inquiry into what custody arrangement was in the child's best interests]; Matter of Gomez v Martinez, 188 AD3d 682, 684 [2d Dept 2020] [parent's request to relocate a child constitutes a change in circumstances]).
However, we find that the mother failed to establish the second prong of her prima facie case, and we therefore hold that there was a sound and substantial basis in the record (see Matter of Ivan J. v Kathryn G., 164 AD3d 1151, 1152 [1st Dept 2018]) for Family Court's determination that the mother failed to make a prima facie showing that relocation to Rochester would be in the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]). The mother failed to submit sufficient proof to substantiate her claim that the relocation would enhance the child's educational or economic condition, and she has not shown that the claimed benefits resulting from relocation would outweigh the disruption in the child's relationship with the father, which the mother testified was "great" (see Matter of Doreen F. v Fabricio M., 176 AD3d 563, 564 [1st Dept 2019]). The mother's proposal in her relocation petition that the father have the child during his summer school break and one weekend per month during the school year would undoubtedly result in the father and child spending less time together than they had under the 2016 custody order. Her proposal during her testimony that she drive the child 5½ hours each way for the father's alternate weekend visits under the 2016 custody order was unrealistic and would require the child to miss school on alternate Fridays and spend 11 hours of every other weekend traveling.
The mother's challenges to the denial of her motion to temporarily relocate during [*3]the pendency of the proceeding and to the modification of the November 2016 order to award the father joint legal and temporary physical custody, are not properly before us, as the mother did not appeal from the May 15, 2019 order denying that motion (see Matter of Jamee Bennett G. v John Nicolaas B., 200 AD3d 413, 414 [1st Dept 2021]). Moreover, the portion of the May 15, 2019 order awarding the father joint legal and temporary physical custody is not appealable, since it was entered upon the mother's consent (see Matter of Naomi S. [Hadar S.], 87 AD3d 936, 938 [1stDept 2011], lv denied 18 NY3d 805 [2012]).
We have considered the mother's remaining arguments and find them
unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 27, 2023