Matter of Keyes v Halton (2023 NY Slip Op 04879)

Matter of Keyes v Halton

2023 NY Slip Op 04879

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

695 CAF 22-00282

[*1]IN THE MATTER OF LATISHA KEYES, PETITIONER-APPELLANT,
v
MISTER WAHABBI HALTON AND VIVIAN HALTON, RESPONDENTS-RESPONDENTS. 

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-RESPONDENT VIVIAN HALTON.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret A. Logan, R.), entered January 18, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied and dismissed the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner mother appeals from an order that denied and dismissed her petitions seeking to modify a prior order of custody by granting her visitation with the child who is the subject of this proceeding. We affirm. "A party seeking a change in an established custody arrangement has the 'burden of establishing a change in circumstances sufficient to warrant an inquiry into whether the best interests of the child warranted a [modification of the prior order]' " (Matter of Cole v Nofri, 107 AD3d 1510, 1511 [4th Dept 2013], appeal dismissed 22 NY3d 1083 [2014]). Here, the mother failed to meet that burden. The prior order of custody was entered in 2017 upon the mother's default and at a time when a petition to terminate her parental rights on the ground of abandonment was pending. In the years since the prior order of custody was entered, the mother has had essentially no contact with the child and has made no effort to have such contact with the child. The mother's unsubstantiated testimony was insufficient to demonstrate that she completed a parenting class and a mental health evaluation (see Matter of Paul P. v Tonisha J., 149 AD3d 409, 409 [1st Dept 2017]). Moreover, we conclude under the facts of this case that those factors would not constitute a change in circumstances sufficient to
warrant an inquiry into whether the best interests of the child warranted a modification of the prior order.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court