Hardie v Hardie (2024 NY Slip Op 00738)

Hardie v Hardie

2024 NY Slip Op 00738

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 307163/16 Appeal No. 1647-1648 Case No. 2023-01489, 2023-02395 

[*1]William H. Hardie, III, Plaintiff-Respondent,
v
Lindsay A. Hardie, Defendant-Appellant. 

Aronson Mayefsky & Sloan, LLP, New York (Allan E. Mayefsky of counsel), for appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered May 11, 2023, which denied defendant wife's petition to relocate from New York City to Pennsylvania with the parties' child, and order, same court and Justice, entered March 13, 2023, which awarded defendant wife $125,000 in attorney's fees, unanimously affirmed, without costs.
The wife failed to make a prima facie case that there were changed circumstances requiring a modification of the 2018 stipulation of settlement and that the proposed relocation to Pennsylvania was in the child's best interest (see Matter of Erica B. v Louis M., 218 AD3d 421, 421 [1st Dept 2023]). The court properly determined that there was no economic necessity for the relocation, the child's special educational needs could be adequately addressed in New York, and the wife's plan to relocate her parents to Pennsylvania to provide childcare was tenuous. There was a sound and substantial basis in the record for the determination that the relocation to Pennsylvania would not be in the child's best interest (see Matter of Tropea v Tropea, 87 NY2d 727, 741-742 [1996]; Matter of Salena S. v Ahmad G., 152 AD3d 162, 163, 167 [1st Dept 2017]).
The court providently exercised its discretion in awarding the wife $125,000 in attorney's fees, which was a fraction of the fees she actually sought (see Domestic Relations Law §§ 237[a], 238; De Cabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). The court was fully aware of the parties' respective financial circumstances and all other circumstances of the case, including the relative merit of the parties' positions. Finally, there was no evidence that plaintiff husband had engaged in dilatory practices increasing the wife's attorney's fees (see Gallen v Gallen, 183 AD3d 425, 426 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024