Matter of Sharlene R. v Jhovanni D. (2025 NY Slip Op 06667)

Matter of Sharlene R. v Jhovanni D.

2025 NY Slip Op 06667

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Hagler, JJ. 

|Docket No. V-18850-18/21A|Appeal No. 5246|Case No. 2025-02427|

[*1]In the Matter of Sharlene R., Petitioner-Appellant,
v
Jhovanni D., Respondent-Respondent. 

Law Office of Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.

Order, Family Court, Bronx County (Judith D. Waksberg, J.), entered on or about April 16, 2025, which granted respondent father's motion, made at the close of petitioner mother's case, to dismiss the mother's petition seeking modification of the final order of custody, unanimously affirmed, without costs.
Family Court properly granted the father's motion to dismiss the mother's modification and relocation petition at the close of the mother's case. A parent who seeks to modify custody to relocate must make out a prima facie case as to two issues: (1) that there are changed circumstances requiring a modification in the child's best interests; and (2) that the proposed relocation is in the child's best interests (Matter of Erica B. v Louis M., 218 AD3d 421, 422 [1st Dept 2023]; see also Matter of Barry H. v Veronica S., 175 AD3d 427, 428 [1st Dept 2019]). Here, the mother demonstrated that some circumstances had changed since the 2018 custody order was issued. However, even viewing the evidence in the light most favorable to the mother, as is required on a motion to dismiss (see Matter of Erica B., 218 AD3d at 422), she failed to demonstrate prima facie that those circumstances warranted modifying custody by awarding her sole physical and legal custody and permitting the child to move to Las Vegas, where the mother had relocated in 2023.
The 2018 order awarding the father sole physical and legal custody explicitly conditioned the mother's access to the subject child on her compliance with services mandated in the 2017 dispositional order issued in a separate neglect case against the mother, including participating in mental health treatment. The mother admitted during her testimony in support of her modification petition that she had not complied with the requirements set forth in the 2017 dispositional order and 2018 custody order. She testified that she had never attended mental health treatment except for approximately one month in 2015 or 2016, prior to the issuance of the 2017 dispositional order. In addition, her own testimony demonstrated that she had not addressed the issues that led to the father being awarded sole legal and physical custody and the significant curtailment of her visitation rights under the 2018 custody order (see Matter of Stevens v Carey, 188 AD3d 895, 896 [2d Dept 2020]). She also failed to demonstrate prima facie her clams that the child would have a safer environment and better educational opportunities in Las Vegas. The mother testified that she did not know where her younger child was while she was at work. She also admitted that she had never visited or otherwise investigated the school she said she would send the child to if her petition was granted.
The mother's claim that the father ended her video calls with the child early on three occasions was insufficient to demonstrate interference with her court-ordered access, particularly since she admitted that she started those calls late on at least two occasions. While the mother made certain claims about the condition of the father's home, she admitted that she did not have personal knowledge of the current conditions in the father's home.
Moreover, any changes that the mother has made to her own life do not constitute a sufficient change in circumstances to justify a modification of custody in this case (see Matter of Yvette F. v Corey J.G., 177 AD3d 549, 550 [1st Dept 2019]). This is especially true where, as here, the record contains no evidence that the father has become unfit or less fit to continue as the subject child's custodial parent (see Matter of Paul P. v Tonisha J., 149 AD3d 409, 409 [1st Dept 2017]), a role he has filled for nearly a decade.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025