Matter of L.M. v J.H. (2025 NY Slip Op 06908)

Matter of L.M. v J.H.

2025 NY Slip Op 06908

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Docket No. V-1414/15, V-01415/22|Appeal No. 5341|Case No. 2025-01761|

[*1]In the Matter of L.M., Petitioner-Appellant,
v
J.H., Respondent-Respondent. 

Rosemary Rivieccio, New York, for appellant.
Jay A. Maller, New York, for respondent.
Kenneth M. Tuccillo, Hastings, attorney for the Children.

Order, Family Court, New York County (Pamela Scheininger, J.), entered on or about March 17, 2025, which, after a hearing, dismissed the grandmother's petition seeking an order of visitation with respondent mother's children, unanimously affirmed, without costs.
By consenting to the incorporation of testimony from a family offense fact-finding hearing, petitioner failed to preserve, and instead waived, any argument that the court improperly incorporated the testimony (see Matter of Gabriel J. [Christina I.], 232 AD3d 1093, 1098 n 5 [3d Dept 2024], lv denied 43 NY3d 901 [2025]). Following the incorporation of the testimony, petitioner did not move to re-open the hearing or request to submit any additional evidence. Accordingly, she did not preserve any argument that the court improperly concluded the proceedings or prevented her from presenting any evidence (see Matter of Gary MM. [Girard MM.], 100 AD3d 1206, 1207 [3d Dept 2012]). Nor did petitioner request a Lincoln hearing, so any argument that the court abused its discretion by dismissing the petition without one is also unpreserved for our review (see Matter of Francisco A. v Amarilis V., 198 AD3d 405, 406 [1st Dept 2021]; see generally Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969]). In any event, there is no indication in the record that the Attorney for the Children was not adequately representing the children's interests or accurately conveying their preferences (see Matter of Paul P. v Tonisha J., 149 AD3d 409, 409 [1st Dept 2017]).
As Family Court concluded and the parties do not dispute, petitioner established standing to seek grandparent visitation based on the relationship she maintained with the children from their births until approximately April of 2021 (see Domestic Relations Law § 72[1]; Matter of E.S. v P.D., 8 NY3d 150, 157 [2007]).
The court providently exercised its discretion by dismissing the petition upon its determination that visitation between petitioner and the children was not in the children's best interests (see Matter of Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]). "[T]he issues in the case went beyond the animosity between the parties," and respondent's "objection to the visits was not solely based on the existing acrimony" (Matter of Paul C.T. [Renee G.-T.], 236 AD3d 611, 612 [1st Dept 2025]). The court credited respondent's testimony regarding several incidents in 2021 where petitioner's conduct upset respondent and frightened the children, and the court's findings, based on its credibility determinations, "are supported by the record and thus entitled to deference" (Matter of Trina L. v Michelene M., 227 AD3d 472, 474 [1st Dept 2024]). By the time of the hearing, petitioner had not seen the children in several years, respondent opposed visitation based on safety concerns for the children, and the children did not wish to have any contact with petitioner (see Matter of E.S., 8 NY3d at 157-158; Matter of Margot M. v Chante T., 148 AD3d 647, 648 [1st Dept 2017], lv dismissed 30 NY3d 961 [2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025